■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FRED JOHNSON and JEROME JOYNER, Appellants.—Appeals by defendants from two judgments, one as to each of them, of the Supreme Court, Queens County, both rendered March 1, 1978, convicting each of them of criminal possession of stolen property in the first degree and unauthorized use of a vehicle, upon a jury verdict, and imposing sentences. Judgments modified, on the law, by reversing the convictions of criminal possession of stolen property in the first degree, and the sentences imposed thereon, and the said count as against each defendant is dismissed. As so modified, judgments affirmed. Defendants herein (along with one Michael White) were riding in a yellow Chevrolet Camaro along 152nd Avenue in Queens. The two key prosecution witnesses (Lindner and Dorfman) were also riding along that street, without apparent purpose, when their attention was directed toward the yellow Camaro. They followed it for several blocks and watched as the yellow car made a U-turn and parked in a vacant lot on the south side of the street. Three men emerged and began walking in the direction of the witnesses. As they drew near, Lindner asked them whether the yellow car was stolen. One member of the group reportedly said that there was "an alarm out on the car". Lindner and Dorfman drove away, circled the block, and noticed that the car and the men were gone. Later in the evening, they were attracted to an intersection by flashing lights on a police car. In custody at that location were the three men whom Lindner and Dorfman identified as the men they had seen emerge from the yellow Camaro. A police check of that vehicle revealed that it had been stolen several days earlier. In our view, the People's proof fell short of proving defendants' guilt of criminal possession of stolen property in the first degree (see Penal Law, § 165.50). The element

of that crime not proven was that defendants *possessed* property which they knew to be stolen. To " 'Possess' means to have physical possession or otherwise to exercise dominion or control over tangible property" (Penal Law, § 10.00, subd 8). Yet, there was no evidence at the trial to show that these defendants were in joint and voluntary control of this car. For example, neither eyewitness could pinpoint which man was driving the car and which men were passengers. Nor could the eyewitnesses identify the speaker of the statement regarding "an alarm out on the car". It was thereby left to the jury to speculate, from defendants' mere presence in the car, that they were willingly exercising dominion over it. It is just as possible that the defendants herein became aware of the stolen nature of the car only after entering the vehicle. In such event, their presence in a stolen vehicle could have been passive and involuntary. Criminal Term's charge to the jury did not permit this last interpretation. The court instructed: "Now, this means that after consideration of all of the evidence in the case, you, the jury, may presume or infer from the presence of one or more of these defendants in the alleged motor vehicle that one or more of the defendants possessed the automobile with intent to benefit himself or themselves * * * or you may reject such presumption." Such a charge constituted error because it reduced the definition of "possession" to mean "presence" in an automobile and thereby obviated the People's burden of proving defendants' exercise of "dominion or control" over the automobile. To accept Criminal Term's definition of "possession" would be to equate unauthorized use of a vehicle (Penal Law, § 165.05, subd 1) with criminal possession of stolen property (Penal Law, § 165.50), which was never intended by the Legislature. Upon the record presented, defendants were only properly convicted of the former crime. Hopkins, J. P., Lazer, Cohalan and Martuscello, JJ., concur.