■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTHONY TRENTACOSTA, Also Known as TONY PEP, Appellant.—Judgment of the Supreme Court, Suffolk County, rendered November 2, 1978, affirmed (see *People v Ruggiano,* 70 AD2d 940; *People v Ruggiano,* 92 Misc 2d 876). The case is remitted to the Supreme Court, Suffolk County, for further proceedings pursuant to CPL 460.50. Mollen, P. J., Damiani, Mangano and Martuscello, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL WHITE, Appellant.—On the court's own motion, its decision, dated November 1, 1979 [72 AD2d 734] is amended by adding thereto, immediately after the first paragraph, the following: "By order dated July 30, 1979 this court modified the judgment rendered against appellant's codefendants, Johnson and Joyner, by reversing their convictions of criminal possession of stolen property in the first degree and dismissing that count. The judgments against them were otherwise affirmed *(People v Johnson,* 71 AD2d 692). Defendant has requested that his appeal be determined in a similar manner." Hopkins, J. P., Lazer, Cohalan and Martuscello, JJ., concur.

---

## (November 13, 1979)

■ B & W DEMOLITION & EXCAVATION CORP., Appellant, v MARINE MIDLAND BANK OF SOUTHEASTERN NEW YORK, N. A., Respondent. (And a Third-Party Action.)—In an action to recover compensatory and punitive damages arising from the alleged conversion of a piece of heavy equipment, plaintiff appeals from a judgment of the Supreme Court, Westchester County, entered December 1, 1978, which, after a jury trial, awarded it only $12,000, plus interest, in compensatory damages and failed to award punitive damages. Judgment affirmed, with costs. On this record, which presented a wide range of values offered by experts for both sides, we find the jury's award of compensatory damages was adequately supported by competent testimony and ought not to be disturbed. The jury's failure to award punitive damages was not against the weight of the evidence. Hopkins, J. P., Damiani, Titone and Mangano, JJ., concur.