(February 21, 1985)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RODNEY D. OWENS, Appellant. — Main, J. Appeal from a judgment of the County Court of Tompkins County (Friedlander, J.), rendered October 26, 1981, upon a verdict convicting defendant of the crime of rape in the first degree.

When this case was previously before this court, we reversed defendant's conviction for rape in the first degree, finding several errors in the trial and not reaching other contentions advanced by defendant (97 AD2d 855). On appeal by the People, the Court of Appeals reversed and remitted for consideration of those points not previously addressed by this court (63 NY2d 824). We now affirm.

We find no merit to defendant's argument that County Court erred in failing to declare a mistrial because the prosecution failed to disclose the results of certain laboratory tests which were allegedly favorable to defendant and, thus, required to have been disclosed under *Brady v Maryland* (373 US 83). The forensic serologist who conducted the tests was adamant in her testimony that the negative results did not mean that there were no sperm present in the stain on the complainant's underpants, especially in light of the positive identification of sperm

during another test. Accordingly, it is difficult to characterize the negative results as favorable to defendant and, thus, subject to disclosure as exculpatory evidence under *Brady* (*see, e.g., People v Christopher,* 101 AD2d 504, 525). In any event, the negative test results were disclosed prior to the close of the People's direct case and, inasmuch as defendant thoroughly cross-examined the forensic serologist about the test results, it appears that the defense was able to utilize the material and brought it to the jury's attention (*see, People v Clark,* 89 AD2d 820, *lv denied* 57 NY2d 684, *cert denied* 459 US 1090). We have examined the other arguments advanced by defendant and find that they do not warrant reversal.

Judgment affirmed. Kane, J. P., Main, Casey, Mikoll and Yesawich, Jr., JJ., concur.