■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PAUL PALMER, Appellant. — Casey, J. Appeal from a judgment of the County Court of Albany County (Clyne, J.), rendered February 24, 1984, upon a verdict convicting defendant of the crime of criminal possession of stolen property in the third degree.

Defendant's only argument on appeal is that the evidence is insufficient to sustain the trial court's finding that defendant knowingly possessed stolen property — a motorcycle that he and a companion were riding. We agree.

The record reveals that the motorcycle, a 1973 Yamaha, was stolen in August of 1983 and that when it was returned to its owner by the police about one week later, certain parts of the motorcycle had been painted over. The police stopped defendant and his companion because a check of the license number of the motorcycle they were riding revealed that the registration had expired. The police then discovered that although the expired registration was for a Honda motorcycle, the motorcycle to which the license plate was affixed was a Yamaha. Neither defendant nor his companion had any documents for the motorcycle. The officer checked the vehicle identification number of the motorcycle and discovered that it had been reported stolen. Defendant and his companion were then arrested. The only witnesses to testify at trial were the owner of the motorcycle and the arresting officer, whose testimony was limited to the above facts.

"A person is guilty of criminal possession of stolen property in the third degree when he knowingly possesses stolen property" (Penal Law § 165.40). " 'Possess' means to have physical possession or otherwise to exercise dominion or control over tangible property" (Penal Law § 10.00 [8]). The proof in this case establishes only that defendant and a companion were riding on a stolen motorcycle. There is no proof to show that defendant and his companion were in joint control of the vehicle; nor is there

any proof as to which person was driving. In these circumstances, the People have failed to carry their burden of proving defendant's exercise of dominion and control over the vehicle (*compare, People v Johnson,* 71 AD2d 692, *with People v Howard,* 37 AD2d 178, 180). The People's proof is similarly deficient concerning defendant's knowledge that the motorcycle was stolen (*see, People v Edwards* 104 AD2d 448). The cases of *People v Page* (105 AD2d 930) and *People v Traynham* (85 AD2d 748), upon which the People rely, are distinguishable on their facts. We note that the charge of unauthorized use of a vehicle (Penal Law § 165.05 [1]) contained in the indictment was dismissed by the trial court, and since that crime is not a lesser included offense of criminal possession of stolen property (*see, People v Edwards, supra*), the conviction cannot be reduced (*see,* CPL 470.15 [2] [a]).

Judgment reversed, on the law, and indictment dismissed. Mahoney, P. J., Main, Casey, Weiss and Yesawich, Jr., JJ., concur.