■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CAROLYN J. BROWN, Appellant.—Levine, J. Appeal from a

judgment of the County Court of Albany County (Harris, J.), rendered July 2, 1984, upon a verdict convicting defendant of the crimes of criminal possession of a weapon in the third degree and criminal possession of stolen property in the first degree.

As a result of a routine license check, officers of the Town of Colonie Police Department received a bulletin that a car parked in a motel parking lot had been reported stolen. Upon questioning the motel manager, it was determined that the couple using the car had been renting room 8 for approximately 2½ months. The officers knocked on the door and announced they were police officers investigating a report of a car being stolen from Boston, Massachusetts. Sydney Best, after admitting the officers to the room, explained that he had rented the car from Hertz. When he showed a license to establish that he was the person who rented the car, the police observed a credit card in another name in his wallet. At this point, Best was arrested along with defendant, who was also in the room. A search of the room was conducted immediately thereafter and various items were seized, including a gun, numerous identifications, licenses, checks and credit cards in various names from different States with defendant and Best's pictures on them and stencils imprinted with several names.

On this appeal, defendant maintains that the officers' warrantless entry into room 8 violated her 4th Amendment rights, and she claims that the evidence was insufficient to sustain her conviction on either the charge of criminal possession of a weapon in the third degree or of criminal possession of stolen property in the first degree.

As regards defendant's 4th Amendment claim, the evidence was sufficient for County Court to determine that Best consented to the officers' entry into the motel room. Seven officers approached the room, five in uniform and two with their guns unholstered. However, Best's reaction was consistent with voluntary cooperation. He assented when asked if the officers could enter the room. In response to their initial statement that they were there in connection with a report of a stolen vehicle, he treated the situation to be, as County Court found, "at least to him superficially innocuous", concerning an overdue rental vehicle. Best stated that he intended to return the car and, additionally, offered to show the officers the rental agreement. It cannot be said as a matter of law that his will was overborne, or that his consent was not given freely and voluntarily (Schneckloth v Bustamonte, 412 US 218, 225-228;

*People v Gonzalez,* 39 NY2d 122, 128; *People v Cameron,* 73 Misc 2d 790, 798-799). Since the evidence was sufficient to sustain County Court's finding that entry into the room was legal, the seizure of evidence in plain view, including the gun sticking out between the mattress and box spring of the bed and the checkbook and identification found on top of the dresser, along with evidence in defendant's grab area, consisting of licenses, checkbooks, identifications and credit cards in pocketbooks adjacent to the bed defendant was lying on *(see, People v Smith,* 89 AD2d 549, *affd* 59 NY2d 454), was also legal. Although the seizure of other evidence from dresser drawers was not lawful *(see, Chimel v California,* 395 US 752, 763), it was merely cumulative and its introduction at the trial was not prejudicial beyond a reasonable doubt *(People v Graham,* 90 AD2d 198, 205-206, *lv dismissed* 59 NY2d 766, *cert denied* 464 US 896, 104 S Ct 246).

We are similarly unpersuaded by defendant's contention that the evidence was insufficient to sustain her conviction for criminal possession of a firearm. The gun was found in the room defendant and Best lived in, between the mattress and box spring of the bed they shared. The trier of fact could conclude on the basis of this evidence that defendant exercised dominion and control over the gun and constructively possessed it *(People v Hamilton,* 56 NY2d 632, 634; *People v Phiefer,* 43 NY2d 719).

Defendant maintains that the motel room constituted her "home" and that, therefore, at most she could have been convicted of criminal possession of a weapon in the fourth degree (Penal Law § 265.02 [4]; § 265.01). However, in no case has an extended stay in a motel room been considered a home as a matter of law. In addition, there was evidence that defendant and Best retained occupancy of other more permanent residences. Thus, the question here was one of fact for the jury, and there was enough evidence of the transient nature of defendant's stay at the motel to sustain its determination, based upon instructions to which neither Best nor defendant took exception.

We conclude, however, that there was insufficient evidence to sustain defendant's conviction for criminal possession of the stolen car. The circumstantial evidence submitted on this point did not exclude to a moral certainty any conclusion other than that of defendant's guilt *(see, People v Kennedy,* 47 NY2d 196). The car was rented from Hertz in Boston in October of 1984 by a man using the license of Theodore Sexton. Moreover, Best alone was in possession of Sexton's

license on the night of the arrest. There was no evidence tending to show that defendant was in Boston with Best when the car was leased. The motel manager testified that she had often seen Best drive the car, but had only occasionally seen defendant as a passenger in the car. Defendant's mere presence in the car cannot be equated with possession of the car *(People v Johnson,* 71 AD2d 692, 693). There was no evidence that she exercised dominion and control over the vehicle *(see,* Penal Law § 10.00 [8]).

Judgment modified, on the law and the facts, by reversing so much thereof as convicted defendant of the crime of criminal possession of stolen property in the first degree and dismissing the second count of the indictment, and, as so modified, affirmed. Main, J. P., Casey, Yesawich, Jr., Levine and Harvey, JJ., concur.