■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WESLEY GREGORY, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Groh, J.), rendered March 13, 1987, convicting him of criminal possession of stolen property in the first degree, unauthorized use of a vehicle in the third degree and possession of burglar's tools, upon a jury verdict, and imposing sentence.

Ordered that the judgment is modified, on the law, by reversing the convictions of criminal possession of stolen property in the first degree and possession of burglar's tools, vacating the sentences imposed thereon, and dismissing those counts of the indictment; as so modified, the judgment is affirmed.

On September 23, 1986, at approximately 10:35 P.M., Police Officer Gerald Marino and his partner pulled over a 1985 Toyota Camry after a license plate check revealed that the automobile had been reported stolen. Both the operator of the Camry, Kevin Chatten, and the defendant, who was a passenger, were arrested and subsequently charged, inter alia, with criminal possession of stolen property in the first degree.

At trial, testimony was adduced which established that Chatten, who knew the car had been stolen, drove the Camry to the defendant's residence and offered to introduce the

defendant to his girlfriend's sister. The defendant thereupon accompanied Chatten in the automobile. According to Officer Marino, after the defendant and Chatten had been arrested he searched the vehicle and found a screwdriver jammed in its ignition, although Chatten testified that he used the key when he started the Camry.

After a jury trial, the defendant was convicted, *inter alia,* of criminal possession of stolen property in the first degree and possession of burglar's tools. On appeal, the defendant contends that the proof of guilt was insufficient, inasmuch as the evidence at trial demonstrated nothing other than his presence in the stolen vehicle. We agree.

The proof adduced at trial was legally insufficient to establish defendant's guilt of criminal possession of stolen property in the first degree and possession of burglar's tools. As defined by the Penal Law, the term "possess" means "to have physical possession or otherwise to exercise dominion or control over tangible property" (Penal Law § 10.00 [8]; *People v Johnson,* 71 AD2d 692, 693). The proof adduced at trial was insufficient to establish that the defendant—a passenger in the Camry at Chatten's invitation—exercised, in concert with Chatten, "dominion or control" of the automobile in question. Nor can the defendant's mere presence in the automobile be equated with his possession thereof *(see, People v Johnson, supra,* at 693, *cf., People v Brown,* 115 AD2d 791, 794, *lv denied* 67 NY2d 880; *People v Palmer,* 111 AD2d 473). Moreover, for the same reasons it is clear that the evidence was similarly insufficient to establish that the defendant was in possession of the screwdriver which had allegedly been jammed in the ignition of the Camry *(see,* Penal Law § 140.35).

We have reviewed the defendant's remaining contentions and find them to be without merit. Bracken, J. P., Lawrence, Kunzeman and Kooper, JJ., concur.