■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT GLOVER, Appellant.—Judgment of the Supreme Court, Bronx County (Lawrence Tonetti, J.), rendered November 23, 1988, convicting defendant, after jury trial, of criminal possession of stolen property in the third degree and sentencing him, as a second felony offender, to an indeterminate term of imprisonment of from 3 to 6 years, unanimously reversed, on the law, judgment vacated, and the matter remanded to Supreme Court for a new trial.

Defendant was arrested, along with a companion, while sitting in a stolen car parked in a closed service station at about 2:50 A.M. There were no keys in the ignition and the steering column had been partially exposed. The passenger compartment of the automobile contained various tools and the bumper from another vehicle. At trial, defendant and the arresting officer gave conflicting testimony regarding whether defendant was sitting in the driver's seat or the front passenger seat.

On the People's direct case, the arresting officer was asked a series of five questions regarding defendant's use of the vehicle:

"Q. Did either the defendant here, or the other occupant of the vehicle offer any paper for this car, title or registration?

"A. No, not at all. * * *

"Q. Did either this defendant, or the other individual in the car tell you who the true owner of the vehicle was?

"A. No they didn't.

"MR. KATZ; Objection.

"THE COURT: Overruled. I'll allow it.

"Q. Did either defendant, or the other occupant of the vehicle offer an explanation as to what they were doing?

"MR. KATZ: Objection.

"THE COURT: Overruled, I will allow it.

"THE WITNESS: No they didn't.

"Q. Did they tell you where they were going?

"A. No.

"Q. Where they were coming from?

"A. No."

Defendant contends that the introduction of this testimony concerning his silence at the time of his arrest violated his constitutional right to remain silent (US Const 5th, 14th Amends; NY Const, art I, § 6; *Miranda v Arizona,* 384 US 436; *People v Conyers,* 49 NY2d 174).

As a general consideration, "evidence of a defendant's pretrial silence must be regarded as having minimal probative significance and as having a correspondingly low potential for advancing the truth-finding process even when offered solely for purposes of impeachment" *(People v Conyers,* 52 NY2d 454, 458-459). At the same time, the jurors may attach undue significance to the failure to provide an exculpatory version of events, creating a substantial risk of prejudice *(People v De George,* 73 NY2d 614, 619; *People v Conyers,* 52 NY2d 454, 459, supra).* Because of the adverse effect on the credibility of a defendant who takes the stand, use of a defendant's pretrial silence cannot be said to constitute harmless error *(People v Conyers,* 49 NY2d 174, 183, *supra).* An exception is recognized, however, "when such silence is patently inconsistent with the defense asserted, and there is a patent obligation to speak" *(People v Rothschild,* 35 NY2d 355, 360; *People v De George, supra,* at 619).

The instant matter is unusual in that the law places an affirmative obligation upon an operator of a motor vehicle not only to produce its registration but also to supply "any information necessary for the identification of such vehicle and its owner" (Vehicle and Traffic Law § 401 [4]). However, defendant was under no obligation to furnish any explanation of where he was going, where he had been or what he was doing. Therefore, the introduction of testimony regarding his failure to respond to the officer's questions about his activities was clearly prejudicial and requires a new trial *(People v De George, supra).*

Although the matter is unpreserved for our review because of the lack of any exception to the charge (CPL 470.05; *People v Thomas,* 50 NY2d 467, 471), we note that the instructions with regard to defendant's possession of the vehicle were unclear. The statement that "the way you possess a car is by either being in it or being in a position to exercise dominion or control" could have led the jurors to erroneously conclude

that mere presence in a vehicle is sufficient to constitute possession. Concur—Ross, Asch and Rubin, JJ.

Murphy, P. J., concurs in the majority memorandum and in the following separate concurring memorandum of Rosenberger, J. I concur in the result reached by the majority but would reverse on the additional ground that the charge on "possession", while not objected to, deprived defendant of a fair trial.

In charging the jury on the elements of criminal possession of stolen property in the third degree, the court instructed the jury that a person can possess a car "by either being in it or being in a position to exercise dominion or control. Possession could occur even if one were in the passenger seat as opposed to the driver's seat." Although defense counsel did not object to this portion of the charge, the trial court's reduction of the definition of "possession" to mean "presence" in the vehicle obviated the People's burden of proving defendant's exercise of "dominion or control" over the automobile (Penal Law § 10.00 [8]; *People v Johnson,* 71 AD2d 692, 693), warranting the reversal of defendant's conviction.

To support a conviction of criminal possession of stolen property in the third degree, the People had to prove defendant possessed the property which he knew to be stolen (Penal Law § 165.50; *People v Johnson, supra).* To " '[p]ossess' means to have physical possession or otherwise to exercise dominion or control over tangible property" (Penal Law § 10.00 [8]). The mere presence of a defendant in an automobile is insufficient to establish his possession of the vehicle *(People v Gregory,* 147 AD2d 497; *People v Brown,* 115 AD2d 791, *lv denied* 67 NY2d 880; *People v Palmer,* 111 AD2d 473; *People v Johnson, supra).*

The People's contention that the charge as a whole conveyed the correct legal principle and dissipated any prejudice caused by the quoted language is without merit. The court never corrected the erroneous instruction which provided the jury with alternative ways to convict defendant, i.e., by finding that he was *either* in the car or in a position to exercise dominion or control over it *(see, People v Lourido,* 70 NY2d 428).* This instruction could have easily mislead the jury into thinking that defendant's mere presence in the car was sufficient to establish possession even if there was insufficient evidence to demonstrate that defendant exercised dominion or control over the vehicle. The charge provided, in effect, negated defendant's defense that he was merely a passenger in the automobile. The error was not harmless, as the charge

may well have contributed to an erroneous verdict *(People v Satisfield,* 68 AD2d 817).