■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v NATHALIE V. MERCIER, Respondent.—Order insofar as appealed from unanimously reversed on the law, motion denied, count one of the indictment reinstated and matter remitted to Cattaraugus County Court for further proceedings on the indictment. Memorandum: County Court erred in finding that the evidence before the Grand Jury was legally insufficient to establish the offense of grand larceny in the third degree. The Grand Jury may indict a person when the evidence before it establishes all the elements of the crime and also establishes reasonable cause to believe that the accused committed the crime to be charged (CPL 190.65 [1]; People v Jennings, 69 NY2d 103, 115; People v Moore, 171 AD2d 1051; People v

*Forde,* 153 AD2d 466). On a motion to dismiss an indictment under CPL 210.20 (1) (b), the reviewing court's inquiry is limited to the legal sufficiency of the evidence *(see, People v Jennings, supra,* at 115). The sufficiency of the People's presentation is properly determined by inquiring whether the evidence, viewed in the light most favorable to the People, if unexplained and uncontradicted, would warrant conviction by a petit jury *(see, People v Pelchat,* 62 NY2d 97, 105). Moreover, even where the evidence introduced against the accused is circumstantial, the reviewing court should utilize the reasonable cause standard rather than the moral certainty standard, which may be appropriate upon a trial *(see, People v Jennings, supra,* at 115).

In this case, the evidence before the Grand Jury was that defendant, in January 1989, negotiated two checks on her deceased brother's checking account, totaling $7350. Although the checks were dated prior to the brother's death on December 31, 1988, the Grand Jury heard testimony that he had never made out such checks for defendant's benefit. Defendant had possession of her brother's checkbook from January to September 1989. Defendant also failed to turn over the cancelled checks, by which she received the money, to her attorney when she made her final accounting as administratrix of her brother's estate. In addition, the evidence before the Grand Jury showed that defendant had withheld $800, which were proceeds of a van sale, from her brother's estate. In light of these facts, we find that the evidence was legally sufficient to allow the Grand Jury to indict defendant for grand larceny in the third degree *(see,* Penal Law § 155.35). (Appeal from Order of Cattaraugus County Court, Kelly, J.—Dismiss Indictment.) Present—Callahan, J. P., Doerr, Green, Balio and Lowery, JJ.