■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v WILLIE WYNN, Respondent.—Order unanimously modified on the law and as modified affirmed, and matter remitted to Monroe County Court for further proceedings, in accordance with the following memorandum: The People appeal from an order which granted defendant's motion to dismiss an indictment charging defendant with criminal possession of stolen property in the third degree (Penal Law §§ 20.00, 165.50) and unauthorized use of a vehicle in the third degree (Penal Law §§ 20.00, 165.05 [1]) on the ground that the evidence presented to the Grand Jury was legally insufficient *(see,* CPL 210.20 [1] [b]). Both charges stem from defendant's riding as a passenger in the rear seat of a stolen 1987 Pontiac Grand Prix automobile. In granting defendant's motion, County Court concluded

that the Grand Jury minutes did not reveal "evidence which indicated the requisite of intent or knowledge as required under Sections 165.05 (1) and 165.50 of the Penal Law".

On a motion to dismiss an indictment under CPL 210.20 (1) (b), the inquiry of the reviewing court is limited to the legal sufficiency of the evidence *(see, People v Jennings,* 69 NY2d 103, 115; *People v Mercier,* 172 AD2d 1050; *People v Moore,* 171 AD2d 1051, *lv denied* 77 NY2d 998). The sufficiency of the People's presentation is properly determined by inquiring whether the evidence, viewed in the light most favorable to the People, if unexplained and uncontradicted, would warrant conviction by a petit jury *(see, People v Jennings, supra,* at 114; *People v Pelchat,* 62 NY2d 97, 105).

Upon our review of the Grand Jury minutes, we agree with County Court that the evidence was legally insufficient to establish all the elements of the crime of criminal possession of stolen property in the third degree. Here, the evidence before the Grand Jury established that defendant was a passenger in the rear seat of the stolen vehicle. Defendant's mere presence in the vehicle was insufficient to establish that he exercised "dominion and control" over the automobile *(see, People v Glover,* 163 AD2d 174, 175-176, *lv denied* 76 NY2d 986; *People v Gregory,* 147 AD2d 497, 498; *People v Brown,* 115 AD2d 791, 794, *lv denied* 67 NY2d 880; *People v Palmer,* 111 AD2d 473; *People v Johnson,* 71 AD2d 692, 693). Thus, County Court properly dismissed that count of the indictment.

County Court erred, however, in concluding that the evidence presented to the Grand Jury was also legally insufficient to establish all the elements of the crime of unauthorized use of a vehicle in the third degree. Penal Law § 165.05 (1) provides that, "A person is guilty of unauthorized use of a vehicle in the third degree when: 1. Knowing that he does not have the consent of the owner, he takes, operates, exercises control over, rides in or otherwise uses a vehicle". The terms "exercises control over," "rides in", and "otherwise uses" have been read broadly to include passengers and to negate any requirement that one be involved in the initial taking *(see, People v McCaleb,* 25 NY2d 394). In addition, subdivision (1) also establishes a rebuttable presumption that a "person who engages in any such conduct without the consent of the owner is presumed to know that he does not have such consent". Here, in addition to the statutory presumption, there was also evidence that defendant fled the scene, which could provide a basis for the inference that he was aware that he did not have the owner's consent to ride in the car *(see, People v Yazum,* 13

NY2d 302, *rearg denied* 15 NY2d 679; *People v Gomez,* 160 AD2d 399, 400, *lv denied* 76 NY2d 735). The evidence, viewed in the light most favorable to the People, was legally sufficient to support the charge of unauthorized use of a vehicle in the third degree. Accordingly, the court erred in dismissing that count of the indictment and that count is reinstated. (Appeal from Order of Monroe County Court, Marks, J.—Dismiss Indictment.) Present—Callahan, A. P. J., Boomer, Pine, Balio and Lawton, JJ.