■ In the Matter of GARFIELD H., a Person Alleged to be a Juvenile Delinquent, Appellant.—In a juvenile delinquency proceeding pursuant to Family Court Act article 3, the appeal is from an order of disposition of the Family Court, Kings County (Demarest, J.), dated April 19, 1990, which, upon a fact-finding order of the same court, dated March 9, 1990, made after a hearing, finding that the appellant had committed acts which, if committed by an adult, would have constituted the crimes of criminal possession of stolen property in the fourth degree, criminal possession of stolen property in the fifth degree, grand larceny in the fourth degree, petit larceny, unauthorized use of a vehicle in the third degree, and criminal mischief in the fourth degree, adjudged him to be a juvenile delinquent and placed him on probation for a period of 12 months. The appeal brings up for review the fact-finding order dated March 9, 1990.

Ordered that the order of disposition is modified, on the law, by adding thereto a provision vacating those provisions of the fact-finding order finding that the appellant had committed acts which, if committed by an adult, would have constituted the crimes of criminal possession of stolen property in the fourth degree, criminal possession of stolen property in the

fifth degree, grand larceny in the fourth degree, petit larceny, and criminal mischief in the fourth degree, and dismissing these counts of the petition; as so modified, the order of disposition is affirmed, without costs or disbursements, and the fact-finding order is modified accordingly.

The appellant contends that the evidence presented at the fact-finding hearing, which established that he was a passenger in the back seat of a stolen automobile, was legally insufficient to establish that he committed acts, which, if committed by an adult, would have constituted the crimes of criminal possession of stolen property in the fourth degree, criminal possession of stolen property in the fifth degree, grand larceny in the fourth degree, petit larceny, and criminal mischief in the fourth degree. We agree. As defined by the Penal Law, the term "possess" means "to have physical possession or otherwise to exercise dominion or control over tangible property" (Penal Law § 10.00 [8]). The record is devoid of any evidence that the appellant exercised "dominion or control" over the stolen automobile, and his mere presence as a passenger in the vehicle "cannot be equated with his possession thereof" (see, People v Wynn, 177 AD2d 1016; People v Luter, 150 AD2d 391; People v Gregory, 147 AD2d 497; People v Johnson, 71 AD2d 692). Further, in the absence of evidence that the appellant "possessed" the subject automobile, the inference of guilt arising from the unexplained or falsely-explained possession of recently stolen property is not applicable, and the finding that the appellant committed the offenses of criminal possession of stolen property in the fourth degree, criminal possession of stolen property in the fifth degree, grand larceny in the fourth degree, and petit larceny cannot be sustained (see, People v Baskerville, 60 NY2d 374; cf., People v Shurn, 69 AD2d 64). Moreover, while the stolen automobile was extensively damaged, the circumstantial evidence adduced at the fact-finding hearing was insufficient to establish that the appellant was the individual who damaged the vehicle, or that he acted in concert with the individual who damaged the vehicle. Accordingly, we vacate the Family Court's finding that the appellant committed the offense of criminal mischief in the fourth degree (see, Penal Law § 145.00).

However, viewing the evidence in the light most favorable to the presentment agency (see, Matter of David H., 69 NY2d 792, 793), we find that it was legally sufficient to prove beyond a reasonable doubt that the appellant committed an act, which if committed by an adult, would have constituted the

crime of unauthorized use of a vehicle *(see, People v McCaleb,* 25 NY2d 394; *People v Hall,* 177 AD2d 592). Thompson, J. P., Miller, Pizzuto and Santucci, JJ., concur.