■ In the Matter of GARY S., a Person Alleged to be a Juvenile Delinquent, Appellant. [602 NYS2d 431] —In a juvenile delinquency proceeding pursuant to Family Court Act article 3, the appeal is from an order of disposition of the Family Court, Kings County (Palmer, J.), dated May 14, 1991, which, upon a fact-finding order of the same court, dated March 26, 1991, made after a hearing, finding that the appellant had committed acts which, if committed by an adult, would have constituted the crimes of criminal possession of stolen property in the fourth degree, criminal possession of stolen property in the fifth degree, and unauthorized use of a vehicle in the third degree, adjudged him to be a juvenile delinquent and

placed him on probation for a period of one year. The appeal brings up for review the fact-finding order dated March 26, 1991.

Ordered that the order of disposition is modified, on the law, by adding thereto a provision vacating those provisions of the fact-finding order finding that the appellant had committed acts which, if committed by an adult, would have constituted the crimes of criminal possession of stolen property in the fourth degree and criminal possession of stolen property in the fifth degree, and dismissing these counts of the petition; as so modified, the order of disposition is affirmed, without costs or disbursements, and the fact-finding order is modified accordingly.

The appellant contends that the evidence presented at the fact-finding hearing was legally insufficient to establish that he committed acts which, if committed by an adult, would constitute the crimes of criminal possession of stolen property in the fourth and fifth degrees. The hearing testimony demonstrated only that the appellant was a front seat passenger in a vehicle which had been reported stolen and which had a damaged and altered ignition. Hence, "[w]hile the proof established that the [appellant] knew the car in which he was observed was stolen, there was no evidence that he was in possession of it" *(People v Rivera,* 82 NY2d 695, 697, *affg* 185 AD2d 751), inasmuch as there was no proof that he exercised any dominion or control over the vehicle *(see,* Penal Law § 10.00 [8]; *Matter of Garfield H.,* 185 AD2d 846).

However, although the appellant does not raise any specific contention regarding the charge that he committed acts which, if committed by an adult, would constitute the crime of unauthorized use of a vehicle in the third degree, we conclude in any event that the evidence is legally sufficient to sustain the Family Court's finding with respect to this charge *(see, People v Rivera, supra; Matter of Garfield H., supra).* Sullivan, J. P., Balletta, Ritter and Santucci, JJ., concur.