■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v
ROGER J. KESTLER, Respondent. [607 NYS2d 823] —Order unani-
mously reversed on the law, motion denied, indictment rein-
stated and matter remitted to Wayne County Court for fur-
ther proceedings on the indictment. Memorandum: County
Court erred when it granted defendant's motion to dismiss the
indictment charging felony DWI based upon insufficient evi-
dence before the Grand Jury. The court found that there was
"no corpus delicti as to the Defendant's admissions" that he
was operating a motor vehicle on a public highway. On a
motion to dismiss an indictment under CPL 210.20 (1) (b), the
inquiry of the reviewing court is limited to the legal suffi-
ciency of the evidence (see, People v Jennings, 69 NY2d 103,
115; People v Wynn, 177 AD2d 1016, 1017, lv denied 79 NY2d
954; People v Mercier, 172 AD2d 1050; People v Moore, 171
AD2d 1051, lv denied 77 NY2d 998). The sufficiency of the
People's presentation is properly determined by inquiring
whether the evidence, viewed in the light most favorable to
the People, if unexplained and uncontradicted, would warrant
conviction by a petit jury (see, People v Jennings, supra, at
114; People v Pelchat, 62 NY2d 97, 105; People v Wynn, supra,
at 1017).

Upon our review of the Grand Jury minutes, we conclude
that there was competent evidence, other than defendant's
admission, that defendant was operating a vehicle on a public
highway. The evidence established that a van was stuck in the
mud on the ball field of the elementary school off Stone Road.
Although the van was unoccupied at the time, the investigat-
ing officer searched the car and found a checkbook with
defendant's name on it. Defendant was then observed stagger-
ing down the road toward the van and he exhibited all of the
classic signs of intoxication. Defendant admitted that it was
his car that was stuck in the mud, that he had driven it there
and that he had not consumed any alcohol between the time
he drove the van onto the ball field and the time he returned
to the vehicle. He also admitted that he did not have a valid
driver's license. That evidence satisfies the requirement that
defendant's admissions be supported by some additional proof
that defendant had committed the offense of driving while
intoxicated on the evening in question (see, CPL 60.50; People
v Booden, 69 NY2d 185; People v Cook, 191 AD2d 993, lv

*denied* 81 NY2d 1071). (Appeal from Order of Wayne County Court, Sirkin, J.—Dismiss Indictment.) Present—Callahan, J. P., Pine, Fallon, Doerr and Davis, JJ.