■ In the Matter of ANTOINE V. B., a Person Alleged to be a Juvenile Delinquent, Appellant. [611 NYS2d 662] —In a juvenile delinquency proceeding pursuant to Family Court Act article 3, the appeal is from an order of the Family Court, Kings County (Schechter, J.), dated July 9, 1990, as amended May 25, 1993, which, upon a fact-finding order of the same court (Tejada, J.), dated June 14, 1990, made after a hearing, finding that the appellant had committed acts, which if committed by an adult, would constitute criminal possession of a stolen property in the fourth degree and unauthorized use of a vehicle in the third degree, adjudged him to be a juvenile delinquent and placed him in the custody of the New York State Division of Youth for confinement in a Title III secure facility. The appeal brings up for review the fact-finding order dated June 14, 1990.

Ordered that the order of disposition is modified, on the law,

by adding thereto a provision vacating the provision of the fact-finding order that the appellant had committed an act, which if committed by an adult, would have constituted the crime of criminal possession of stolen property in the fourth degree, and dismissing that count of the petition; as so modified, the order of disposition is affirmed, without costs or disbursements, and the fact-finding order is modified accordingly.

As correctly conceded by the respondent Presentment Agency, the evidence presented at the fact-finding hearing, which established that the appellant was a passenger in the back seat of a stolen automobile, was legally insufficient to establish that he committed acts, which if committed by an adult, would have constituted the crime of criminal possession of stolen property in the fourth degree. The record is devoid of any evidence that the appellant exercised "dominion or control" (Penal Law § 10.00 [8]) over the stolen automobile, and his mere presence as a passenger in the vehicle "cannot be equated with possession thereof" (*Matter of Garfield H.,* 185 AD2d 846, 847). Further, in the absence of evidence that the appellant "possessed" the subject automobile, the inference of guilt arising from the unexplained possession of recently stolen property is not applicable, and the finding that the appellant committed acts, which, if committed by an adult, would constitute criminal possession of stolen property in the fourth degree cannot be sustained (*Matter of Garfield H., supra*).

The appellant's challenge to his placement in a Title III secure facility has been rendered academic by the fact that he has already completed the placement (*see, Matter of Leonardo Q.,* 171 AD2d 563). Sullivan, J. P., Lawrence, Pizzuto, Joy and Goldstein, JJ., concur.