■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HAROLD WOODRICH, Appellant. [622 NYS2d 1018] —Judgment unanimously affirmed. Memorandum: Defendant appeals from a judgment of County Court convicting him, upon a jury verdict, of rape in the first degree, burglary in the second degree, sexual abuse in the first degree and petit larceny. Defendant contends that he was denied his right to be present at all material stages of the trial because a pretrial conference was conducted in his absence. We reject that contention. That "conference involved only questions of law or procedure and defendant's presence was not required" (People v Velasco, 77 NY2d 469, 472; see, People v Daniel, 206 AD2d 856). We also reject the contention that reversal is required because the People did not disclose, prior to trial, the inconclusive results of laboratory tests conducted on fluid obtained from the victim's genital area (see, People v Owens, 108 AD2d 1014). Further, defense counsel's failure to arrange independent testing of that fluid sample does not, without more, constitute ineffective assistance of counsel. Defendant has not demonstrated the absence of strategic or other legitimate explanation for such failure (see, People v Yourdon, 142 AD2d 998, lv denied 73 NY2d 791).

We have considered defendant's remaining contentions, including those raised in the pro se supplemental brief, and

conclude that they are without merit. (Appeal from Judgment of Genesee County Court, Morton, J.—Rape, 1st Degree.) Present—Green, J. P., Pine, Wesley, Davis and Boehm, JJ.