■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KEVIN MUSCOREIL, Appellant. [626 NYS2d 637] —Judgment unanimously affirmed. Memorandum: We reject the contention of defendant that Supreme Court erred in denying his motion to suppress items seized by the police and his statements to the police as the fruits of illegal searches of his hotel room, rental car and luggage. The record supports the court's conclusions that defendant voluntarily consented to the officers' entry into the hotel room *(see, People v Murphy,* 55 NY2d 819; *People v Brown,* 115 AD2d 791, 792-793, *lv denied* 67 NY2d 880) and that the seizure of the marihuana and drug paraphernalia in plain view in the hotel room was lawful *(see, People v Brown, supra,* at 793). The court also properly determined that defendant's explicit disclaimer of ownership or other interest in the rental car or its contents constituted an abandonment *(see, People v Jacob,* 202 AD2d 444, 445, *lv denied* 83 NY2d 872; *People v Hazel,* 194 AD2d 440, *lv denied* 82 NY2d 755; *see also, People v Hollman,* 79 NY2d 181, 193-194) and that the officers were entitled to rely on the consent of defendant's companion, who had driven the rental car to the hotel and possessed the keys *(see, People v Banks,* 202 AD2d 902, 905, *lv granted* 83 NY2d 916).

The record establishes that defendant was present at the Sandoval hearing and thus no reconstruction hearing is necessary *(cf., People v Mitchell,* 189 AD2d 337). Defendant's presence was not required at a side-bar conference involving only questions of law or procedure *(see, People v Velasco,* 77 NY2d 469, 472; *People v Woodrich,* 212 AD2d 998; *People v Daniel,* 206 AD2d 856, *lv denied* 84 NY2d 906).

The evidence, viewed in the light most favorable to the People *(see, People v Contes,* 60 NY2d 620, 621), is sufficient to

support defendant's conviction of criminal possession of a controlled substance in the first degree *(see, People v Love,* 204 AD2d 97, 98, *affd* 84 NY2d 917; *People v Goss,* 204 AD2d 984, *lv denied* 84 NY2d 826). (Appeal from Judgment of Supreme Court, Erie County, Wolfgang, J.—Criminal Possession Controlled Substance, 1st Degree.) Present—Green, J. P., Pine, Fallon, Callahan and Davis, JJ.