■ The People of the State of New York, Respondent, v Blake Wingate, Appellant. [892 NYS2d 867]—

Appeal by the defendant from a judgment of the Supreme Court, Queens County (Spires, J.), rendered July 27, 2005, convicting him of criminal possession of stolen property in the fourth degree and criminal possession of a controlled substance in the seventh degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is modified, on the law and as a matter of discretion in the interest of justice, by vacating the conviction of criminal possession of stolen property in the fourth degree and the sentence imposed thereon, and dismissing that count of the indictment; as so modified, the judgment is affirmed.

Although the defendant's contention that the evidence was legally insufficient to establish that he was in possession of the stolen van is not preserved for appellate review (*see* CPL 470.05 [2]; *People v Hawkins*, 11 NY3d 484, 492 [2008]; *People v Gray*, 86 NY2d 10, 19-21 [1995]), we nevertheless reach the contention in the exercise of our interest of justice jurisdiction (*see* CPL 470.15 [3] [c]), and vacate the conviction of criminal possession of stolen property in the fourth degree (*see* Penal Law § 165.45 [5]). Viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620, 621 [1983]), we find that the evidence that the defendant was briefly seated in the parked van before the police arrived was insufficient to establish the element of possession, as a person's mere presence in a vehicle does not support a rational inference that he or she exercised dominion and control over it (*see* Penal Law § 10.00 [8]; *People v Rivera*, 82 NY2d 695 [1993]; *Matter of Gary*

*S.*, 197 AD2d 580, 581 [1993]; *People v Gregory*, 147 AD2d 497 [1989]; *People v Brown*, 115 AD2d 791 [1985]).

While the suppression court failed to conduct a proper waiver colloquy prior to permitting the defendant to represent himself during the pretrial suppression hearing, the record as a whole demonstrates that the defendant made a knowing, voluntary, and intelligent decision to waive his right to counsel and proceed pro se (*see People v Providence*, 2 NY3d 579, 582-583 [2004]; *People v Bailey*, 27 AD3d 572 [2006]; *see also People v Arroyo*, 98 NY2d 101, 104 [2002]).

The defendant's remaining contentions are without merit, or need not be reached in light of our determination. Skelos, J.P., Santucci, Dickerson and Roman, JJ., concur.