11-2696
*Wingate v. Gives*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 21ˢᵗ day of February, two thousand eighteen.

PRESENT:
>JOHN M. WALKER, JR.,
>GERARD E. LYNCH,
>DENNY CHIN,
>>*Circuit Judges.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

BLAKE WINGATE,
>*Plaintiff-Appellant*,

MUSA MUHAMMED, NATHANIEL SACKEY,
>*Plaintiffs-Intervenors*,

SEAN HAMILTON,
>*Intervenor*,

>v.                                                          11-2696

GIVES, Correction Officer, 15709 Personally and
as an Officer, CITY OF NEW YORK, PAULINE
MIMMS, Department of Corrections Grievance

Coordinator, GMDC, MARTIN HORN, Commissioner, HABERMAN, Food Services Manager, JOHN DOE, Dietician, VCBC, JOHN DOE, Food Service Manager, JOHN DOE, Food Service Manager O.B.C.C., DR. AHMED, Mental Health G.M.D.C., DENISE ALVAREZ, Director of Case Management C.C.R.B., RACHEL ALVAREZ, P.O., DANZA AMKE, C.O., ASMAN, ALAN J. CROCE, State Commissioner of Correction Com., RAPALENO DANNY, JOHN DOE, Food Service Manager EMTC, FIELDS, Sergeant, 113th Precinct, GLENN S. GOORD, DOC Services, HEADLEY, Dietician, G.M.D.C., HENRY, Senior Cook, C-76 EMTC, JAMISON, C.O., O.B.C.C. 15924, S. KING, O.B.C.C., STANLEY KREITMAN, B.O.C. Chair, MINA MALOK, Assistant District Attorney, ORTIZ, Captain, O.B.C.C., ANDERSON ROACH, Cook, C-76 EMTC, F. ROBINSON, HENRY SPRING, C.O., Kichen, NILAN SRIVASTAVA, O.B.C.C., C. TALUSAN, CARLOS E. THOMPSON, Warden, O.B.C.C., PATRICK WALSH, Warden, G.M.D.C., NEW YORK CITY BOARD OF CORRECTION,

<em>Defendants-Appellees,</em>

NEW YORK CITY DEPARTMENT OF CORRECTIONS, DEPARTMENT OF CORRECTIONS, FOOD SERVICES DIVISION, DEPARTMENT OF CORRECTIONS, AMKC, Dietician, MICHAEL BLOOMBERG, Mayor, NEW YORK CITY CORRECTIONAL SERVICES MEDICAL HEALTH, PRISON HEALTH SERVICES, MICHAEL A. CARDOZO, JOHN AND JANE DOES,

<em>Defendants.</em>

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

FOR PLAINTIFF-APPELLANT:  Blake Wingate, *pro se*, Auburn, New York.

FOR DEFENDANTS-APPELLEES:  Barbara D. Underwood, Solicitor General, Judith N. Vale, Senior Assistant

Solicitor General, Oren L. Zeve,
Assistant Solicitor General, Karen Y. Jin,
Law Intern, *for* Eric T. Schneiderman,
Attorney General of the State of New
York, New York, New York.

Jane L. Gordon, Susan Paulson, *for*
Zachary W. Carter, Corporation
Counsel of the City of New York, New
York, New York.

Appeal from a judgment of the United States District Court for the Southern District of New York (Kaplan, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Plaintiff-appellant Blake Wingate, proceeding *pro se*, appeals from the district court's judgment entered March 17, 2011, granting defendants' motion for summary judgment and dismissing his complaint. Wingate sued the City of New York, the New York City Department of Correction ("DOC"), police officers, jail staff, and others under 42 U.S.C. § 1983 for false arrest, malicious prosecution, and deliberate indifference to his medical needs. He alleged that defendants wrongfully arrested and prosecuted him (1) in April 2003 for possession of stolen property, possession of a controlled substance, grand larceny, and resisting arrest; and (2) in October 2004 for possession of a controlled substance and possession of stolen property. He also alleged

that while he was incarcerated, defendants failed to provide meals consistent with his dietary requirements. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

In April 2003, police officers arrested Wingate for grand larceny, possession of stolen property, possession of a controlled substance, and resisting arrest. He was indicted for criminal possession of stolen property and criminal possession of a controlled substance. Wingate went to trial and a jury found him guilty of both charges. On appeal, the Second Department vacated Wingate's conviction of criminal possession of stolen property, finding the evidence insufficient to establish the element of possession. *People v. Wingate*, 70 A.D.3d 734, 734 (2d Dep't 2010).

In October 2004, Wingate was arrested for criminal possession of a controlled substance. The assistant district attorney subsequently dismissed the charge. Wingate was arrested again in February 2007, released, and then arrested on a different charge and returned to Rikers Island.

Wingate was incarcerated at Rikers Island from October 2004 to September 2005, and from April 2007 to July 2008. During his incarceration, Wingate reported to DOC medical staff that he suffered from various ailments including ulcers, colitis, diverticulitis, diverticulosis, irritable bowl syndrome, and allergies to tomatoes and soy. DOC repeatedly discussed Wingate's dietary restrictions with him, provided

4

him with nutritional counseling, and provided him with prescriptions for therapeutic meals. Nevertheless, Wingate frequently rejected the meals he was given.

Wingate filed this action *pro se* in 2005. He asserted claims for false arrest, malicious prosecution, and deliberate indifference to his medical needs. Defendants moved to dismiss, and the court granted the motion with respect to Wingate's claim of false arrest in connection with the April 2003 arrest.

Wingate retained an attorney to litigate the remaining claims: false arrest in October 2004, malicious prosecution, and deliberate indifference to a serious medical need. Defendants moved for summary judgment, and on the report and recommendation of the magistrate judge, the district court granted the motion in an order entered on March 16, 2011. Judgment was entered on March 17, 2011. Wingate filed a notice of appeal on April 19, 2011. The appeal was later dismissed because Wingate did not file a D-P form. This Court granted a motion to recall the mandate and reinstate the appeal on November 7, 2016.

On appeal, Wingate argues that the magistrate judge's decisions were not supported by the record and reiterates that defendants were deliberately indifferent to his medical needs. He also argues that police officers falsified reports and arrests, there was no evidence to support the magistrate judge's probable cause determinations, and state and federal court proceedings were infected by fraud. Construing these

5

arguments liberally, Wingate is challenging the district court's resolution of his April 2003 and October 2004 false arrest and malicious prosecution claims and his deliberate indifference claims. Wingate also raises several new claims and arguments, which we decline to consider because they are raised for the first time on appeal. *See Harrison v. Republic of Sudan*, 838 F.3d 86, 96 (2d Cir. 2016).

"We review *de novo* a district court's dismissal of a complaint pursuant to Rule 12(b)(6), construing the complaint liberally, accepting all factual allegations in the complaint as true, and drawing all reasonable inferences in the plaintiff's favor." *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152 (2d Cir. 2002). The complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Pro se litigants are entitled to "special solicitude," and their complaints are interpreted to raise the strongest claims they suggest. *Hill v. Curcione*, 657 F.3d 116, 122 (2d Cir. 2011).

We also review *de novo* a district court's grant of summary judgment, drawing all factual inferences in favor of the non-moving party. *Sousa v. Marquez*, 702 F.3d 124, 127 (2d Cir. 2012). Summary judgment is appropriate only "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." *Id.* (quoting Fed. R. Civ. P. 56(a)).

6

Upon review of the record, we conclude that the district court properly dismissed Wingate's April 2003 false arrest claim and properly granted summary judgment on Wingate's remaining claims for substantially the reasons stated by the magistrate judge in her March 17, 2008 report and recommendation and her February 22, 2011 report and recommendation, which were adopted by the district court.

First, the district court properly dismissed Wingate's April 2003 false arrest claim because his conviction for possession of a controlled substance established probable cause.  *See Weyant v. Okst*, 101 F.3d 845, 852 (2d Cir. 1996) (noting conviction is generally "conclusive evidence" of probable cause).  Wingate did not allege sufficient facts to rebut the presumption.

Second, the district court properly granted summary judgment on his remaining claims.  Wingate's malicious prosecution claims failed because he was convicted of the April 2003 controlled substance charge; he was not prosecuted for grand larceny and resisting arrest, *see Cameron v. City of New York*, 598 F.3d 50, 63 (2d Cir. 2010) (finding police officers initiated prosecution by filing charges or other accusatory instruments); and defendants had probable cause to arrest Wingate on the stolen property and unauthorized use of a vehicle charges.  Wingate's October 2004 false arrest and malicious prosecution claims failed because defendants had probable

7

cause to arrest and prosecute him for possession of a controlled substance because it is undisputed that Wingate was in possession of two crack pipes at the time of his arrest.

Finally, Wingate failed to demonstrate a genuine issue of fact for trial as to his deliberate indifference claims. He did not present sufficient evidence from which a reasonable jury could find that he had been diagnosed with digestive conditions, or that any deprivation related to those conditions was "sufficiently serious." *Salahuddin v. Goord*, 467 F.3d 263, 279 (2d Cir. 2006). Moreover, on the record presented, a reasonable jury could only find that defendants were not deliberately indifferent, as the medical records show that medical staff met with Wingate repeatedly about his dietary requests, issued prescriptions, and referred him to and worked with a dietician, and that dieticians met with him on numerous occasions.

. . .

We have considered Wingate's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court. Furthermore, we **DENY** Wingate's motion for injunctive relief.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

8