■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. WALTER A. JENKINS, Also Known as WILLIAM CARTELL, Appellant.— In a criminal action, in which the first count of the indictment charged the defendant with theft of an automobile and the third, fourth and fifth counts charged him with the theft from each of three different women, of a pocketbook and its contents, the defendant appeals from a judgment of the Supreme Court, Kings County, rendered October 23, 1963 after a jury trial, convicting him, on the third

count, of grand larceny in the first degree and, on the first, fourth and fifth counts, of grand larceny in the second degree, and imposing sentence upon him as a second felony offender. Judgment reversed on the law and the facts as to the conviction and sentence upon the first count charging the theft of an automobile; such count is severed from the indictment, and a new trial is granted with respect thereto. Judgment affirmed as to the conviction and sentence upon the third, fourth and fifth counts charging the theft of pocketbooks. Early in the morning on February 4, 1963, a Buick 1956 automobile was stolen. The following day the owner saw it, in a smashed condition, at a police station. Defendant is charged, in the first count, with the theft of this automobile. In each of the other three counts relevant to this appeal, the defendant is charged with the theft of a pocketbook or handbag (and its contents) from a female pedestrian. Two of such latter thefts occurred on the same date as the theft of the automobile; the third took place on the following day. In each instance, the perpetrator snatched the handbag from its female owner and hurriedly entered a nearby automobile in which he was immediately driven off by another man (who is unidentified). The victim in each of the handbag incidents identified the defendant; and the third woman also noted the license number of the automobile, which was that of the stolen Buick. A few minutes after the third handbag theft, the stolen Buick collided with an oil truck about a block away from the scene of the crime. Immediately thereafter, the unknown driver emerged from the Buick, ran away, and disappeared. Thereafter the third handbag was found in some shrubbery about 40 feet from the Buick. The other two stolen handbags were found on the floor, in back of the front seat of the automobile. The defendant was found lying prone on the front seat in a dazed condition. His explanation of his presence in the stolen automobile was that he had been knocked down by the automobile and thereafter apparently placed on its front seat. There is no proof as to the identity of the driver, as to the defendant's relationship to him — whether as an accomplice or otherwise, or as to the manner in which possession of the automobile was acquired. We find the record devoid of evidence as to defendant's theft of the automobile or his complicity in such theft. There is no proof as to the manner in which the automobile was obtained or as to the identity of the driver of the automobile either at the time the handbags were snatched or at any other time. The only evidence linking defendant with the theft of the automobile was his use of the automobile to make his getaway after the purse snatching and his subsequent physical presence in the automobile after the accident. Under the circumstances, the proof was insufficient to establish even prima facie the defendant's guilt upon the first count charging the theft of the automobile. Hence, the judgment insofar as defendant has been adjudged guilty upon this count should be reversed and a new trial granted with respect thereto. The judgment insofar as it relates to the said conviction for the automobile theft must also be reversed by reason of an error in the charge. The trial court in effect instructed the jury that defendant's guilt may be determined from and may be based upon the inference or presumption arising from his " recent, exclusive possession of the fruits of the crime, as *in this case.*" The trial court did not attempt to confine this instruction either to the automobile or to the handbags. While this instruction seemed to relate primarily to the handbags, it could reasonably be understood as applicable to the theft of the automobile as well. As to the automobile, such instruction was clearly erroneous. First, as stated, there was no proof showing that the defendant was in exclusive possession of the automobile. Second, the charge as matter of law was wrong because the trial court failed to include an indispensable condition precedent, namely: that in order to draw an inference of

guilt from recent exclusive possession the jury must first find either that the defendant offered no explanation for his possession or that the explanation he did offer was false (*People* v. *Galbo,* 218 N. Y. 283, 290–291; *People* v. *Everett,* 10 N Y 2d 500; cf. *People* v. *Jackson,* 182 N. Y. 66, 77–79). Here, the ·defendant did offer some explanation for his presence in or physical possession of the automobile, however absurd or incredible his explanation may have appeared. As to the handbags or pocketbooks, however, it is our opinion that the error in the charge did not prejudice any substantial right of the defendant and that the error may therefore be disregarded (Code Crim. Pro., § 542). We base this conclusion on the fact that with respect to the handbags: (a) the proof of defendant's guilt was clear and overwhelming; (b) there was evidence showing defendant's exclusive recent possession of two of the handbags, whereas there was none as to the automobile; (c) the third handbag was found a short distance from the automobile; and (d) the defendant was unequivocally identified as the purse snatcher by each of the three complainants. Beldock, P. J., Christ and Benjamin, JJ., concur; Ughetta and Hopkins, JJ., concur as to the reversal and the new trial upon the first count for the theft of the automobile, but dissent as to the affirmance upon the third, fourth and fifth counts for the theft of the handbags, and vote to reverse the judgment as to such latter three counts and to grant a new trial as to such counts as well, with the following memorandum: In our opinion, the error in the charge with respect to defendant's recent exclusive possession was equally egregious and substantial with respect to the three counts relating to the handbags, especially since, in the portion of· the charge involved, the Trial Judge: (a) described and mentioned only " the pocketbooks and the other personal effects that were found in the automobile;" and (b) in effect told the jury that if the theft was committed the jury could infer recent, exclusive possession by defendant. In the case of the handbags, as in the case of the automobile, it is impossible to ascertain whether the jury's verdict of guilty was based on the defendant's identification or on the erroneous charge as to the recent exclusive possession. " We cannot speculate as to which theory it [the jury] adopted" (*People* v. *Lazar,* 271 N. Y. 27, 31). Under the circumstances, the judgment should be reversed and a new trial granted as to all counts in the indictment.