■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. WARREN H. MOBLEY, JR., Appellant.— Judgment unanimously reversed on the law and facts and indictment dismissed. Memorandum: Defendant and one Hobart Anderson were indicted on two counts of grand larceny in the first degree charging them with stealing an automobile (Penal Law of 1909, §§ 1290, 1294) and unauthorized use of said automobile (Penal Law of 1909, §§ 1293-a, 1294). They were also charged under the third count of the indictment with felonious possession of a loaded firearm. (Penal Law of 1909, § 1897, subd. 2.) The defendant was tried separately and found guilty of two counts of grand larceny in the second degree and guilty as charged on the third count. It was established that defendant was a passenger in a stolen car and that a loaded gun was found under the driver's seat of the car. The People contend that the conviction on the two counts of larceny can be sustained by application of the rule that recent exclusive possession of the fruits of a crime, if unexplained or falsely explained, will justify the inference that the possessor is the criminal (*People* v. *Galbo*, 218 N. Y. 283, 290). This rule would apply if the defendant were the driver of the car (*People* v. *Asklund*, 16 A D 2d·817) but it does not apply where the defendant is not the driver unless there is proof that the defendant was in exclusive possession (*People* v. *Jenkins*, 23 A D 2d 871; see, also, *People* v. *McCaleb*, 25 N Y 2d 394). Since there was no such proof, the larceny convictions cannot stand. An additional ground for reversal of the conviction of unauthorized use is the lack of proof that the defendant was implicated or involved in the actual taking of the car (*Matter of Diane S.*, 18 N Y 2d 973). The presumption contained in section 1899 of the former Penal Law that the possession in a stolen vehicle of a weapon is evidence that all persons occupying the vehicle possess the weapon, is relied on by the People to sustain the conviction on the third count of the indictment. This presumption while applicable was rebutted by the evidence in the case and the People failed to prove defendant's guilt on this charge beyond a reasonable doubt. (Appeal from judgment of Erie County Court convicting defendant of grand larceny, second degree, and violation of subdivision 2, section 1897 of the Penal Law.) Present — Del Vecchio, J. P., Marsh, Moule, Bastow and Henry, JJ.

■ SHELDON J. HOROWITCH, as Assignee of Marine Midland Trust Company of Central New York, Respondent-Appellant, v. STATE OF NEW YORK, Appellant-Respondent. (Claim No. 45449.) — Judgment unanimously modified by increasing the award to $28,675 and as modified affirmed. Memorandum: Claimant appeals from the award on the ground that his claim for the value of the millwork and counter fixtures, which was assigned to him by the tenant, should have been allowed. The State concedes that the court should have increased the award by $13,500, the amount asserted by claimant, and agrees that the amount of the award should be $28,675 with interest. This modification, the State argues "should be made, however, only in the event that the award for the structure is modified downward." The claim for the structure is a separate and independent matter which is in no way dependent upon the assigned claim for the value of the fixtures. It is clear that the value of the millwork and counter fixtures was inadvertently omitted and should have been allowed. (Appeal from judgment of Court of Claims in claim for permanent appropriation.) Present — Goldman, P. J., Del Vecchio, Gabrielli, Moule and Bastow, JJ.