■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FRANK SERIO, Appellant. — Judgment unanimously affirmed. Memorandum: Defendant appeals from a judgment of conviction entered upon his plea of guilty to petit larceny for which he received a sentence of one year imprisonment and a fine of $1,000. His appeal is founded on the claim that he was denied the effective assistance of counsel because of the joint representation by his attorney of defendant and his father-in-law, Sebastian Saraceno. When a court accepts a guilty plea from a jointly represented defendant, it has an obligation to inform defendant of the possible prejudice which might ensue from such dual representation and to elicit from him his knowing acquiescence in such an arrangement. Where, as here, a court has accepted a guilty plea without making such determination, "a reversal of defendant's conviction on appeal will result only when there is a 'significant possibility' that a conflict of interest existed (*People v Macerola*, 47 NY2d 257, 264, *supra*)" (*People v Monroe*, 54 NY2d 35, 39; see, also, *People v Crump*, 53 NY2d 824; *People v Ruth*, 83 AD2d 746). The record does not demonstrate the existence of a significant possibility of conflict mandating a reversal (see *People v Crump, supra;* see, also, *People v Brown,* 45 NY2d 852, 853). Defendant refers to the denial of his motion pursuant to CPL 440.10 to set aside the verdict on this ground, but since he has not sought permission to appeal from that order, it is not properly before us for review. On the limited record before us, it appears that defendant was indicted for grand larceny in the second degree for having arranged an arson which destroyed a supermarket managed by defendant and owned by his father-in-law, for which the latter received the insurance proceeds. Counsel for defendant attempted on several occasions to negotiate a plea for a class A misdemeanor but was told that the District Attorney's office would accept a plea only to an E felony. When defense counsel asked whether a misdemeanor plea would be available to defendant if Saraceno, against whom no charges had been placed, would voluntarily plead to a misdemeanor, the District Attorney's office agreed. The People concede that they had insufficient evidence to develop a case against Saraceno. Subsequently, Saraceno pleaded to a class A misdemeanor and, on the same date, defendant entered a plea to an A misdemeanor. Thus counsel obtained for defendant the plea which he had been seeking. Defendant makes only conclusory claims of prejudice from the mere fact of joint representation. However, nothing in the record indicates a significant possibility of a conflict of interest to the detriment of defendant. (Appeal from judgment of Erie County Court, Dillon, J. — petit larceny.) Present — Simons, J. P., Callahan, Denman, Boomer and Moule, JJ.