OPINION OF THE COURT
James H. Fogel, J.
Defendant is charged by information with petit larceny, criminal possession of stolen property in the fifth degree, unauthorized use of a motor vehicle in the third degree and criminal mischief in the fourth degree, in that he was a passenger in a stolen and damaged car. Defendant has moved *860 to dismiss the charges on the ground that the information fails to conform to the requirements of CPL 100.40. In particular, defendant claims that the factual portion of the information fails to "establish * * * every element of the offense[s] charged and the defendant’s commission thereof.” (CPL 100.40 [1] MO
The court holds that a mere passenger does not possess a car. Therefore, the larceny, possession of stolen property and criminal mischief charges must be dismissed. The information does establish that defendant used the car and therefore is sufficient as to the crime of unauthorized use of a vehicle.
The factual portion of the information, after alleging that defendant and his codefendant lacked permission or authority to take or use the vehicle in question, reads: "Deponent further states that he observed both defendants in the above vehicle, and that the car was running and that the steering column had been broken.” There is no allegation that defendant was the driver of the car. Thus, for the purposes of this motion, it must be assumed that defendant was merely a passenger. (In fact, both parties agree that defendant was a passenger and not the driver of the car.)
The first matter to be considered is what constitutes sufficient factual allegations in an information. A misdemeanor complaint — which is not an instrument on which a defendant can be prosecuted (CPL 100.10 [4]) — must contain evidentiary facts "supporting or tending to support the charges.” (CPL 100.15 [3].) Those facts need only provide "reasonable cause to believe that the defendant committed the offense charged”. (CPL 100.40 [4] [b].) On the other hand, an information must contain factual allegations that "establish” every element of an offense. (CPL 100.40 [1] [c].) That requirement can only mean that the factual allegations in the information must constitute a prima facie case. That is the interpretation of Judge Bellacosa’s Practice Commentary to CPL 100.40 (McKinney’s Cons Laws of NY, Book 11 A, at 67) as well as that of courts that have considered the question. (People v Harvin, 126 Misc 2d 775, 777 [Crim Ct, Bronx County 1984]; People v Crisofulli, 91 Misc 2d 424, 430 [Crim Ct, NY County 1977],)
Applying this standard to the instant case, it is apparent that the facts alleged in the information do not make out a prima facie case that defendant possessed the vehicle in question. The Penal Law defines "possess” as meaning "to have physical possession or otherwise to exercise dominion or *861 control”. (Penal Law § 10.00 [8].) Clearly a passenger in a car cannot be said to possess that car except to the extent that the driver is under his control or he and the driver are otherwise acting in concert. (E.g., People v Hadley, 67 AD2d 259 [4th Dept 1979].) A passenger cannot control physically what is done with a car. Nor could it be inferred from mere presence in the car that a passenger had the power to sell, direct or otherwise dispose of the property. The element of possession cannot depend at all on the fact that the car in the instant case was stolen — a separate and independent element from that of possession. Defendant can no more be said to have been in possession of the car than could an ordinary passenger in an ordinary car, who certainly does not, in any sense of the word, possess it.
The brief opinion of the Court of Appeals in Matter of Diane S. (18 NY2d 973 [1966]) confirms this conclusion. In that case, the court considered whether a passenger in a stolen car could be convicted under section 1293-a of the then Penal Law which made it a crime "under circumstances not constituting larceny * * * [to] take, use or operate * * * an automobile”, without the consent of the owner. The court held: "The statute does not apply to one who accepts a ride in an automobile, even knowing it to have been taken without the owner’s consent, unless he was implicated or involved in the actual taking of the vehicle.” (18 NY2d, supra, at 974.) If a defendant cannot be said to haye taken or used an automobile, a fortiori he cannot be said to have stolen or possessed it.
Diane S. (supra) was statutorily overruled when the Legislature enacted section 165.05 of the Penal Law, which expanded the scope of the crime of unauthorized use of a vehicle to include one who "takes, operates, exercises control over, rides in or otherwise uses a vehicle.” Under the present statute, mere unauthorized presence in an automobile, even without asportation, has been held to constitute unauthorized use. (People v McCaleb, 25 NY2d 394 [1969].) However, the reasoning of Diane S. has never been repudiated, and its holding is still the rule for the larceny statute. In Matter of John M. (26 NY2d 912 [1970]) the court reversed a juvenile delinquency adjudication for grand larceny in which the respondent had been a passenger in a stolen car. The court summarily reversed on the authority of Diane S., citing McCaleb.
Defendant in the instant case clearly cannot be convicted of criminal possession of stolen property for having been a passenger in a stolen car, because he cannot be said to have *862 possessed it. Nor could he be convicted of the larceny, an even more tenuous connection, since the only possible evidence of larceny in the information would be the inference of theft based upon recent and unexplained possession of stolen property. Since defendant did not possess the property, no such inference can be drawn. (People v Mobley, 33 AD2d 888 [4th Dept 1969]; People v Jenkins, 23 AD2d 871 [2d Dept 1965].) The same reasoning must apply to the charge of criminal mischief. There may be an inference to be drawn, analogous to the inference of theft from recent and unexplained possession of stolen property, that recent and unexplained possession of newly damaged property implies that the possessor is responsible for the damage. As was the case with larceny, since the defendant here did not possess the car, there can be no such inference. Defendant can, however, be charged with unauthorized use of a motor vehicle on this information, even without an allegation of asportation, since it is not an element of that crime that defendant ever possessed the vehicle. (People v McCaleb, supra.)
Therefore, those counts of the information charging defendant with the crimes of petit larceny, criminal possession of stolen property in the fifth degree and criminal mischief in the fourth degree are dismissed. The motion to dismiss the charge of unauthorized use of a motor vehicle in the third degree is denied.