(August 13, 1992)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN RIVERA, Appellant.—Judgment of the Supreme Court, New York County (Richard Carruthers, J.), rendered on April 11, 1990, which convicted defendant, after a jury trial, of criminal possession of stolen property in the fourth degree, and unauthorized use of a vehicle in the third degree, and sentenced defendant to an indeterminate term of imprisonment of two to four years and a definite term of one year, respectively, is modified, on the law, to the extent of reversing the conviction of criminal possession of stolen property in the fourth degree, and vacating the sentence and dismissing the indictment with respect thereto, and otherwise affirmed.

The evidence presented against appellant was entirely circumstantial. The police testimony placed appellant in the passenger's seat of a 1980 gray Chevrolet Caprice with New Jersey license plates. It was parked at the corner of Eldridge and Stanton Streets in Manhattan at 2:35 A.M. with the engine running. The door lock on the driver's side had been broken, and the steering column was broken with wires protruding. The ignition switch was broken and there was no key in the ignition. The officers found a screwdriver on the floor. The police testimony revealed that a license plate check indicated that the car had been reported stolen by its owner.

The legal issue is whether the circumstantial proof is legally sufficient to establish criminal possession of stolen property in the fourth degree, which requires proof of knowing possession of stolen property (Penal Law § 165.45). The proof sufficiently established that appellant knew the car was stolen. It did not, however, establish that appellant was in possession of the stolen vehicle. Penal Law § 10.00 (8) defines the term "possess" as "to have physical possession or otherwise to exercise dominion or control over tangible property" (see, People v Johnson, 71 AD2d 692, 693).

Appellant's conduct satisfies the elements of unauthorized use of a motor vehicle in the third degree inasmuch as he rode in the vehicle in circumstances sufficient to establish that he did not have the consent of the owner to do so (see, Penal Law § 165.05). The circumstantial proof, indicating only that appellant was a passenger in the stolen vehicle, does not, however, establish that appellant exercised dominion and control over the vehicle (see, People v Luter, 150 AD2d 391; People v Gregory, 147 AD2d 497; People v Brown, 115 AD2d 791, 794; but see, People v Gomez, 166 AD2d 171, lv denied 76 NY2d 986).

The dissent correctly points out that People v Gomez (supra) affirms a conviction against a passenger in a stolen motor vehicle for criminal possession of stolen property, and appears to be in conflict with our holding. However, the brief memorandum in Gomez does not state the facts on which it is based. If there was a basis in the record to support the complicity of the defendant in Gomez in the knowing possession along with the driver of the stolen vehicle, it is not set forth in the memorandum, which, consequently, has little precedential value. We decline to construe Gomez as overruling the substantial line of authority on which we rely.

The standard for proof of possession by circumstantial evidence was stated by the Court of Appeals in People v Foley (307 NY 490, 492-493): "A jury may properly infer such possession from circumstances. (See People v. Wilson, 151 N. Y. 403.) However, as is evident from the case cited, the circumstances must be established by clear and convincing evidence and must be of such a character as, if true, to exclude to a moral certainty every other inference but that of recent and exclusive possession by defendants." (See also, People v Cleague, 22 NY2d 363.)

The problem in this case and others involving riding as a passenger in a stolen vehicle is that the defendant's presence in the vehicle does not "exclude to a moral certainty every

other inference but * * * possession." The effect of a holding to the contrary would be to create a presumption that all persons present in a stolen car are acting in concert with the driver in exercising dominion and control over the vehicle. It would thus become the burden of a passenger to disprove complicity in the possession.

Such a procedure would be offensive to due process. If the Legislature chose to increase the penalty for riding in a stolen vehicle, there would presumably be no constitutional bar. Exacting a greater sanction should not be achieved by convicting a passenger of a higher degree of offense than the evidence can bear. Simply stated, a passenger's mere presence in a stolen vehicle, even with knowledge that the driver does not have the consent of the owner for its use, does not, without more, exclude to a moral certainty the possibility that the passenger has not acted in concert with the driver to exercise dominion and control over the vehicle. It is no answer when such a failure of proof exists to argue, in essence, that the passenger should bear the burden of proving his lack of complicity. Concur—Murphy, P. J., Carro and Kassal, JJ.

Milonas, J., dissents in a memorandum as follows: This Court, in *People v Gomez* (166 AD2d 171, *lv denied* 76 NY2d 986), recently decided the issue involved herein.