*697
 
 OPINION OF THE COURT
 

 Memorandum.
 

 The order of the Appellate Division should be affirmed.
 

 We agree with the Appellate Division that the evidence against defendant was insufficient to prove criminal possession of stolen property in the fourth degree. While the proof established that defendant knew the car in which he was observed was stolen, there was no evidence that he was in possession of it. Penal Law § 10.00 (8) defines "possess” as having "physical possession or otherwise to exercise dominion or control over tangible property”. Here, there was no showing that defendant exercised dominion or control over the car. The proof demonstrated that defendant was sitting in the passenger seat of the parked car, leaning towards the steering column which was broken and had wires hanging from it. Another person was seated in the driver’s seat. In addition, both the lock on the driver’s side door and the ignition switch had been broken, and a screwdriver was visible on the floor of the car. No evidence was offered, however, to establish when defendant entered the vehicle or what part, if any, he played in its taking. In these circumstances, defendant’s presence in the car cannot be equated with possession
 
 (see, People v Luter,
 
 150 AD2d 391;
 
 People v Gregory,
 
 147 AD2d 497).
 

 Chief Judge Kaye and Judges Simons, Titone, Hancock, Jr., Bellacosa and Smith concur.
 

 Order affirmed in a memorandum.