■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FRANK KATENDE, Appellant. [604 NYS2d 213] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Hanophy, J.), rendered July 23, 1991, convicting him of grand larceny in the third degree, criminal possession of stolen property in the third degree, criminal mischief in the third degree, and unauthorized use of a vehicle in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is modified, on the law, by (1) reversing the convictions of grand larceny in the third degree, criminal possession of stolen property in the third degree, and criminal mischief in the third degree, vacating the sentences imposed thereon, and dismissing those counts of the indictment, and (2) vacating the sentence imposed on the conviction of unauthorized use of a vehicle in the third degree; as so modified, the judgment is affirmed, and the matter is remitted to the Supreme Court, Queens County, for resentencing on the conviction of unauthorized use of a vehicle in the third degree.

On August 2, 1990, Police Officers Stephen Pelan and Dwight Hovington were parked on a Queens street on plainclothes patrol. At approximately 5:15 A.M. they observed the driver of a stolen Honda automobile pull the automobile alongside a Datsun automobile which was parked three car lengths in front of the officers' car. The defendant, who had been seated in the Honda's front passenger seat, exited the passenger door of the Honda and entered the Datsun. The officers pulled up behind the Honda, exited their car, and approached the Honda from either side with their shields displayed. After Officer Hovington said "Don't move", the driver of the Honda began to slowly drive away. The defendant then exited the Datsun and jumped head first into the Honda through the passenger window, whereupon the driver accelerated in an attempt to flee the police. The officers reentered their vehicle and pursued the Honda. A short while later, the Honda struck a curb and crashed into a sanitation truck which had been stopped for a traffic light. At that point both the driver and the defendant exited the vehicle and fled on foot. The police officers gave chase and later apprehended the defendant as he walked down a nearby street. The driver, however, successfully eluded arrest. Upon their return to the

Honda, the officers found that the windshield was smashed, the rear bumper was hanging off, and the ignition cylinder was missing from the car.

In order to sustain a conviction for criminal possession of stolen property, the evidence must establish that the defendant knowingly exercised such "dominion and control" over the property so as to conclude that he "possessed" the property (Penal Law §§ 165.50, 10.00 [8]; *People v Rivera*, 82 NY2d 695). With respect to a passenger in a stolen vehicle, dominion or control may be shown by evidence which establishes when the passenger entered the vehicle and/or what part, if any, he played in its taking *(see, People v Rivera, supra)*. In the case at bar, there was neither a showing that the defendant participated in the taking of the Honda, nor proof as to when the defendant originally entered the vehicle. Although it may be fairly concluded that the defendant's act of jumping into the Honda and his subsequent flight from the police evidenced his awareness that the car was stolen, these facts alone do not show that the defendant exercised dominion and control over the vehicle. Without such a showing, the "defendant's presence in the car cannot be equated with possession" *(People v Rivera, supra,* at 697; *see also, People v Luter,* 150 AD2d 391).

Accordingly, the judgment must be modified, by reversing the defendant's conviction for criminal possession of stolen property in the third degree. Moreover, for the same reasons, we must necessarily conclude that the evidence was also legally insufficient to warrant the convictions for grand larceny in the third degree and criminal mischief in the third degree (Penal Law §§ 155.05, 145.05; *see, People v Jenkins,* 23 AD2d 871; *People v Delgado,* 36 AD2d 938). We note, however, that the defendant raises no issue as to his conviction for unauthorized use of a vehicle in the third degree, a crime for which one can be found guilty by merely "[riding] in * * * a vehicle [knowing he does not have the consent of the owner]" (Penal Law § 165.05 [1]).

The matter is remitted to the trial court for resentencing with respect to the conviction of unauthorized use of a vehicle in the third degree. Sullivan, J. P., Balletta, Ritter and Santucci, JJ., concur.