■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JULIAN URENA, Also Known as VINCENT SANCHEZ, Appellant. [634 NYS2d 549] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Blumenfeld, J.), rendered May 9, 1994, convicting him of attempted grand larceny in the fourth degree, criminal possession of stolen property in the fourth degree, unauthorized use of a motor vehicle in the third degree, and criminal mischief in the fourth degree, after a non-jury trial, and sentencing him to indeterminate terms of 1 1/2 to 3 years imprisonment for attempted grand larceny in the fourth degree and criminal possession of stolen property in the fourth degree, and determinate terms of one year imprisonment for unauthorized use of a motor vehicle in the fourth degree and criminal mischief in the fourth degree, all terms of imprisonment to run concurrently to each other.

Ordered that the judgment is modified, on the law, by reducing the term of imprisonment for attempted grand larceny in the fourth degree to a definite term of one year imprisonment; as so modified, the judgment is affirmed.

Contrary to the defendant's contention, the evidence adduced at trial was legally sufficient to prove his guilt of attempted grand larceny in the fourth degree, criminal possession of stolen property in the fourth degree, and criminal mischief in the fourth degree, beyond a reasonable doubt. The evidence established that the defendant knowingly exercised dominion or control over the stolen vehicle as he was participating in the taking of the automobile when he was observed by the police officers *(compare, People v Rivera,* 82 NY2d 695, 697; *People v Katende,* 198 AD2d 522, 523). Therefore, the evidence was legally sufficient to prove his guilt of criminal possession of stolen property in the fourth degree, although he was not driving the vehicle *(see, People v Bryan,* 179 AD2d 667, 668; *People v Jenkins,* 143 AD2d 846). The evidence was also legally sufficient to prove that the defendant, acting in concert with the driver, damaged and attempted to steal the automobile *(see,* Penal Law § 20.00).

The People concede that the defendant was improperly

sentenced to an indeterminate term of 1½ to 3 years imprisonment for the conviction of attempted grand larceny in the fourth degree. As the defendant was convicted of attempting to commit a class E felony, the degree of the crime was reduced to a class A misdemeanor (see, Penal Law § 110.05 [7]), the sentence for which shall not exceed one year (see, Penal Law § 70.15 [1]). Thus, the defendant's sentence on this count must be modified. Santucci, J. P., Altman, Friedmann and Goldstein, JJ., concur.