■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARC MITCHELL, Appellant. [637 NYS2d 176] —Appeal by the defendant from a judgment of the County Court, Westchester County (Lange, J.), rendered March 12, 1993, convicting him of assault in the first degree (three counts) and criminal possession of stolen property in the third degree, after a nonjury trial, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant was seen driving a stolen vehicle, and minutes later was observed as a passenger in that vehicle during a police pursuit, which resulted in the stolen car colliding with two other vehicles, seriously injuring two individuals and causing the death of another.

The evidence adduced at trial was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. It is well established that mere presence as a passenger in a stolen vehicle, without more, is insufficient to establish possession *(see,* Penal Law § 10.00 [8]; *see also, People v Katende,* 198 AD2d 522, 523; *Matter of Garfield H.,* 185 AD2d 846), even where the

passenger knows that the vehicle in which he is riding is stolen *(see, People v Rivera,* 185 AD2d 751, *affd* 82 NY2d 695). However, in this case a witness observed the defendant driving the stolen vehicle only minutes before the fatal car accident. At the time of the incident, neither the defendant nor the codefendant need have possessed the stolen vehicle to the exclusion of the other, since possession is joint where it is shown that the two men acted together in their possession of the vehicle *(see, People v Flayhart,* 72 NY2d 737, 741; *People v Pugliese,* 131 AD2d 789).

The defendant further challenges the credibility of the witness who observed him driving the car. However, resolution of issues of the credibility, as well as the weight to be accorded the evidence presented, are primarily questions to be determined by the finder of fact, which saw and heard the witnesses *(see, People v Gaimari,* 176 NY 84, 94). Its determination should be accorded great weight on appeal and should not be disturbed unless clearly unsupported by the record *(see, People v Garafolo,* 44 AD2d 86, 88). Upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence *(see,* CPL 470.05 [5]).

The defendant's remaining contentions are either unpreserved for appellate review *(see,* CPL 470.05 [2]) or without merit. O'Brien, J. P., Sullivan, Copertino and Joy, JJ., concur.