OPINION OF THE COURT
Roger N. Rosengarten, J.
Defendant, Alvin Sheldon, moves for omnibus relief, seeking inspection of the Grand Jury minutes, a dismissal in the interest of justice, suppression of evidence, discovery and disclosure, and relief in the nature of a Luck-Sandoval request. Defendant’s various motions are consolidated and decided as follows:
*877 The branch of the motion to inspect the Grand Jury minutes and to dismiss/reduce the indictment is granted to the extent only that the court has inspected the Grand Jury minutes in this matter. Upon examination of the Grand Jury minutes, the court finds that there is sufficient legal evidence adduced to establish the commission by the defendant of the offenses charged in the indictment.
Defense counsel specifically challenges the evidence before the Grand Jury as to counts one and two of the indictment. Under counts one and two, the defendants are charged with acting in concert to commit the crime of criminal possession of stolen property, specifically, a 1990 Honda Accord, arising out of an incident alleged to have occurred in Queens County on January 12, 1999. The court finds the testimony adduced before the Grand Jury sufficient with respect to the elements of valuation under both counts. The more troubling issue before this court is whether defendant Sheldon, a backseat passenger in said automobile, exercised sufficient dominion and control over it under an “acting in concert” theory to sustain the stolen property counts against him.
A person is guilty of criminal possession of stolen property when he knowingly possesses stolen property, with intent to benefit himself or a person other than an owner thereof, or to impede the recovery by an owner. (Penal Law § 165.40 et seq.) Property is “stolen” when it is taken, obtained or withheld from the owner. (Penal Law § 155.05 [1].) To “possess” property means “to have physical possession or otherwise exercise dominion or control over tangible property.” (Penal Law § 10.00 [8].) A person is criminally liable for the conduct of another, “when, acting with the mental culpability required for the commission thereof, he solicits, requests, commands, importunes, or intentially aids such person to engage in such conduct.” (Penal Law § 20.00.)
It is axiomatic that “mere presence” by a defendant in an automobile, standing alone, cannot be equated with possession. (See, e.g., People v Rivera, 82 NY2d 695 [1993]; People v Katende, 198 AD2d 522 [2d Dept 1993]; People v Garfield H., 185 AD2d 846 [2d Dept 1992]; People v Gregory, 147 AD2d 497 [2d Dept 1989].) As the First Department explained in Rivera (later affirmed on review by the Court of Appeals), “The problem in this case and others involving riding as a passenger in a stolen vehicle is that the defendant’s presence in the vehicle does not ‘exclude to a moral certainty every other inference but * * * possession.’ The effect of a holding to the contrary would be to *878 create a presumption that all persons present in a stolen car are acting in concert with the driver in exercising dominion and control over the vehicle.” (People v Rivera, 185 AD2d 751, 752-753 [1st Dept 1992].) This would offend due process by impermissibly shifting the burden to the defendant to disprove complicity in the theft of the vehicle. (People v Rivera, supra.) Accordingly, existing appellate authority mandates that evidence more inculpatory than mere presence be demonstrated with regard to the issue of knowing possession. Both Rivera (supra) and Katende (supra) suggest that evidence must be proffered which establishes (a) when the defendant entered the vehicle (i.e., at the time of its “taking”), and/or (b) what part, if any, the defendant played in its taking. (People v Katende, supra, at 523; People v Rivera, 82 NY2d 695, 697, supra.) However, as to what specific quantum of evidence would provide a satisfactory predicate to establish the defendant’s complicity in the vehicle’s “taking”, this court in its research has not found direct guidance, either appellate or nisi prius. Certainly, such proof may be shown circumstantially, and a jury, under proper circumstances, may rely upon such facts as would establish the defendant’s complicity with the driver of the vehicle to effectuate its possession. (See, e.g., People v Iodice, 112 AD2d 319 [2d Dept 1988]; People v Rivera, 185 AD2d 751, 752 [1st Dept 1992], supra; People v Foley, 307 NY 490, 492-493.)
In People v Candelaria (258 AD2d 590 [2d Dept 1999]), the Appellate Division, Second Department, recently upheld a conviction for criminal possession of stolen property where the evidence consisted of a series of events consistent with the theory that the defendant acted in concert with the operator of a stolen car to effectuate its theft. In that case, the defendant was seen operating a vehicle with no lights on at 3:20 a.m., closely following the stolen vehicle, which had been stripped of numerous parts. The driver of the stripped vehicle fled on foot, running first towards the defendant’s vehicle and then changing direction as a police officer neared. Defendant then drove away from the scene and was found shortly thereafter parked approximately a block from the scene. Parts from the stripped vehicle were found on his front-seat passenger, and in the yard outside of which the defendant had parked his vehicle. On these facts, most notably the presence of stripped parts from the stolen vehicle in the defendant’s vehicle, and the area where it was parked, the Second Department upheld the defendant’s conviction for complicity in the taking of the stolen vehicle.
*879 Turning to the case at bar, the court finds that, unlike Rivera (supra) and Katende (supra), which involved a passenger’s “mere presence” in the stolen vehicle, there was some evidence presented to the Grand Jury which tends to establish that the defendant, albeit a backseat passenger, played a part in the vehicle’s taking.
The instant incident allegedly took place at approximately 1 o’clock in the morning on January 12, 1999. There was evidence before the Grand Jury that the vehicle was being operated by the codefendant with a screwdriver inside the ignition key cylinder of the steering column, and that the glove compartment had been broken into. A pair of latex gloves, a screwdriver, a small canister, a green pouch containing mace, a pen light, and a silver socket, used to remove a lock nut from the wheel, were found on defendant Sheldon at the time of the incident. These tools, which were found on the person of defendant Sheldon, along with a pair of wire cutters, which was allegedly found on the person of the codefendant, are among those of the type commonly used in crimes involving auto larceny.
Based upon the foregoing, the court finds that there was sufficient evidence before the Grand Jury from which they could infer that the defendant was more than just merely present in the vehicle, and that he had, in fact, participated in the vehicle’s taking. The court further notes that this case is distinguishable from Matter of Garfield H. (185 AD2d 846 [2d Dept 1992], supra), in which the Appellate Division, Second Department, found, after a factual hearing in a juvenile delinquency matter, that there was insufficient circumstantial evidence that the appellant had damaged the vehicle or that he had acted in concert with the individual who had damaged the vehicle. (Matter of Garfield H., supra, at 847.) This court finds that, for purposes of the Grand Jury, sufficient threshold evidence was adduced to establish reasonable cause to believe that the defendant committed the offenses charged.
Finally, the court rejects defense counsel’s insinuations in his papers that there was any bad faith on the part of the District Attorney in obtaining the instant indictment against defendant Sheldon. Given the lack of clear precedential guidance with regard to the exact factual scenario at bar, the court finds that the District Attorney acted both properly and prudently in this matter in seeking an indictment.
The court has also inspected the instructions given by the District Attorney to the Grand Jury and finds that they are sufficient pursuant to People v Calbud, Inc. (49 NY2d 389).
*880 Furthermore, the presumption of regularity surrounding the proceedings of the Grand Jury cannot be overcome by defendant’s bare allegations. Accordingly, that portion of the motion seeking to dismiss the indictment is denied in all respects.
The defendant’s motion to dismiss in the interest of justice, pursuant to CPL 210.40 and 210.45, is similarly denied. The defendant has set forth no compelling factor to support dismissal of this indictment. (People v Macy, 100 AD2d 557.) Moreover, as aforesaid, the court rejects any contention by counsel that dismissal is mandated due to the “exceptionally serious misconduct” in the prosecution of the defendant. The court finds no such misconduct.
The branch of the motion for suppression of physical evidence, to wit, the aforementioned tools recovered from the person of the defendant, is granted to the extent that a Mapp hearing is ordered. (CPL 710.60 [4].)
The branch of the motion seeking disclosure of defendant’s prior uncharged criminal, vicious or immoral acts is granted to the extent that the People are required to comply with the discovery indicated in CPL 240.43 at the appropriate time.
The branch of the motion seeking a Sandoval hearing is granted to the extent that a hearing is to be held prior to trial before the Trial Judge to determine whether defendant should be cross-examined with respect to his prior convictions.
The branch of the motion which seeks to reserve rights pursuant to CPL 255.20 is granted to the extent that any additional, supplemental or demand motions will be considered by the court when they are made in compliance with the requirements of CPL 255.20 (2) and (3).