THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIE J. DAVIS, Appellant. (Appeal No. 1.) [753 NYS2d 801] —Appeal from a judgment of Oswego County Court (Hafner, Jr., J.), entered August 16, 2001, convicting defendant upon his plea of guilty of criminal sale of a controlled substance in the third degree (two counts).

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Defendant pleaded guilty to two counts of criminal sale of a controlled substance in the third degree (Penal Law § 220.39 [1]) in exchange for a sentence commitment of a term of imprisonment of 4½ to 9 years. County Court advised defendant that it would not be bound by its sentencing promise if he was arrested before sentencing. Defendant was in fact arrested, and the court scheduled a hearing to determine whether there was a legitimate basis for the arrest (*see People v Outley,* 80 NY2d 702, 713). The prosecutor and defense counsel advised the court of the circumstances of defendant's arrest and their respective positions regarding its legitimacy.

The prosecutor sought an enhanced sentence of 10 to 20 years. As a result of further negotiations, defendant was permitted to plead guilty to a superior court information (SCI) charging him with criminal possession of a controlled substance in the third degree (§ 220.16 [1]) in connection with the arrest pending sentencing. Defendant was thereafter sentenced to concurrent terms of 7 to 14 years on each of the two counts and on the SCI. Defendant waived his right to appeal with respect to both pleas of guilty, and those waivers encompass his contention that the sentences are unduly harsh and severe (*see People v Hidalgo,* 91 NY2d 733, 737; *People v Young,* 281 AD2d 950, 950-951, *lv denied* 96 NY2d 909). In any event, that contention lacks merit.

We reject the further contention of defendant that he was denied effective assistance of counsel because defense counsel failed to proceed with an *Outley* hearing, the outcome of which may have altered his decision to plead guilty to the SCI. "In the context of a guilty plea, a defendant has been afforded meaningful representation when he * * * receives an advantageous plea and nothing in the record casts doubt on the apparent effectiveness of counsel" (*People v Ford,* 86 NY2d 397, 404). The court was not required to conduct a hearing, and here defendant was properly afforded an "opportunity to show that the arrest [was] without foundation" (*Outley,* 80 NY2d at 713). Defense counsel successfully negotiated lesser enhanced sentences than those sought by the People and obtained an advantageous plea agreement on the SCI.

The waiver by defendant of the right to appeal with respect to the first plea of guilty encompasses his present challenge to the factual sufficiency of that plea allocution (*see People v DeJesus,* 248 AD2d 1023, *lv denied* 92 NY2d 878). In any event, defendant failed to move to withdraw his plea or to vacate the judgment of conviction and thus failed to preserve his contention for our review (*see People v Lopez,* 71 NY2d 662, 665). Defendant also failed to preserve for our review his contention that his first plea of guilty was not knowing and voluntary (*see id.*) and, in any event, that contention lacks merit. Present—Pigott, Jr., P.J., Green, Scudder, Kehoe and Lawton, JJ.