■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DARRYL LAWSON-VARSIER, Appellant. [30 NYS3d 36]—

Judgment, Supreme Court, New York County (Carol Berkman, J., at motions; Daniel P. Conviser, J., at jury trial and sentencing), rendered March 5, 2013, convicting defendant of criminal possession of stolen property in the third degree, criminal possession of a forged instrument in the second degree (two counts), and identity theft in the first degree, and sentencing him to an aggregate term of five years' probation, unanimously affirmed.

The verdict was based on legally sufficient evidence and was not against the weight of the evidence (*see People v Danielson*, 9 NY3d 342, 348-349 [2007]). Defendant's overall course of conduct supports the inference that he was a participant in a criminal scheme, acting, at least, as a lookout (*see e.g. People v Rodriguez*, 52 AD3d 249 [1st Dept 2008], *lv denied* 11 NY3d 741 [2008]), and his accessorial liability rendered him a joint possessor of the fruits and instrumentalities of the scheme. In addition to defendant's lookout-like behavior, "a reasonable jury could conclude that only trusted members of the operation would be permitted to [be present]" as defendant's companions

engaged in criminal activity (*People v Bundy*, 90 NY2d 918, 920 [1997]).

The motion court properly denied, without granting a hearing, defendant's motion to suppress physical evidence. Defendant received detailed information about the sequence of events leading up to his arrest, and the allegations in his moving papers were insufficient to create a factual dispute requiring a hearing (*see People v Long*, 36 AD3d 132 [1st Dept 2006], *affd* 8 NY3d 1014 [2007]), because defendant failed to "either controvert the specific information that was provided by the People . . . or to provide any other basis for suppression" (*People v Arokium*, 33 AD3d 458, 459 [1st Dept 2006], *lv denied* 8 NY3d 878 [2007]). Concur—Friedman, J.P., Sweeny, Saxe, Richter and Kahn, JJ.