The People of the State of New York, 
against
Winston Smith, Defendant-Appellant.



In consolidated criminal appeals, defendant appeals from two judgments of the Criminal Court of the City of New York, New York County (Herbert J. Adlerberg, J.H.O.), each rendered October 9, 2015, convicting him, upon his pleas of guilty, of aggravated unlicensed operation of a motor vehicle in the third degree, and imposing sentence.




Per Curiam.
Judgments of conviction (Herbert J. Adlerberg, J.H.O.), each rendered October 9, 2015, affirmed.
The accusatory instruments were not jurisdictionally defective. The factual allegations in the respective instruments, namely, that defendant operated a motor vehicle "in front of 254 West 154 Street" on January 1, 2015, and "in front of 473 West 145th Street" on February 19, 2015, and that each location was a "public highway," were sufficient to establish the public highway element of the charged Vehicle and Traffic Law offenses (see People v Gerado, 55 Misc 3d 127[A], 2017 NY Slip Op 50344[U][App Term, 1st Dept 2017], lv denied 29 NY3d 1079 [2017]; People v Cardona, 53 Misc 3d 137[A], 2016 NY Slip Op 51466[U] [App Term, 1st Dept 2016], lv denied 28 NY3d 1143 [2017]). The Vehicle and Traffic Law broadly defines a public highway as "[a]ny highway, road, street, avenue, alley, public place, public driveway or any other public way" (Vehicle and Traffic Law § 134; People v Beyer, 21 AD3d 592, 594 [2005], lv denied 6 NY3d 752 [2005]).
The court properly denied, without a hearing, defendant's motion under docket number 2015NY005966 to suppress police observations and Department of Motor Vehicle records. Defendant's motion papers, which simply allege that at the time in question he "had not been engaged in any observable unlawful or improper behavior" or possessed "any contraband or illegal items in plain or open view," did not raise a factual issue to be resolved at a hearing (see People v Garay, 25 NY3d 62, 72 [2015], cert denied Garay v NY, 136 S.Ct. 501 [2015]; People v Mendoza, 82 NY2d 415, 427 [1993]). Defendant failed to either controvert the specific information that was provided by the People or to provide any other basis for suppression (see People v Lawson-Varsier, 138 AD3d 486 [2016]; People v Arokium, 33 AD3d 458, 459 [2006], [*2]lv denied 8 NY3d 878 [2007]). In any event, Department of Motor Vehicle records are not suppressible (see People v Tolentino, 14 NY3d 382, 387 [2010], cert dismissed 563 US 123 [2011]), nor are the police officer's observations of defendant driving on a public highway (see People v Weaver, 12 NY3d 433, 440 [2009]). 
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concurI concurI concur
Decision Date: November 29, 2017