People v A.R. (2024 NY Slip Op 51467(U))

[*1]

People v A.R.

2024 NY Slip Op 51467(U)

Decided on October 28, 2024

County Court, Erie County

Freedman, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on October 28, 2024
County Court, Erie County

The People of the State of New York

against
A.R., Defendant.

SCI No. 74017-23/001

Michael J. Keane, 
Acting District Attorney of Erie County,
By: Paul J. Williams, III, Esq.,
Assistant District Attorney,
Appearing for the People,
Peter B. Nicely, Esq.,
Attorney for Defendant, A.R.

Brenda M. Freedman, J.

The Defendant, A.R., moves pursuant to section 440.10(1)(h) of the Criminal Procedure Law for an Order vacating his judgment of conviction obtained in the above-entitled matter, or for an Order pursuant to section 440.20 to set aside his sentence.
The Defendant was arrested on July 23, 2023 for Criminal Mischief in the Second Degree (PL Section 145.10 & 20.00), Grand Larceny in the Third Degree (PL Section 155.35(1) & 20.00), Criminal Possession of Stolen Property in the Third Degree (PL Section 165.50 & 20.00), and Unauthorized Use of a Vehicle in the Third Degree (PL Section 165.06(1)). Defendant qualified as an Adolescent Offender as he was sixteen years old when charged with the foregoing felonies.
On July 24, 2023, this Court arraigned Defendant and released him on his own recognizance with voluntary probation services. On July 28, 2024, this Court conducted the six-day reading and found that the charges did not meet the requirements of CPL § 722.23(2)(c) to remain in Youth Part. The People indicated that they would file a motion under CPL § 722.23(1)(a) to prevent removal of the action to Family Court. The motion was due on August 30, 2024, but both parties' Counsel consented to extend the deadline. On September 11, 2023, the People filed their Extraordinary Circumstances Motion. On September 20, 2023, Defense Counsel filed an Affirmation in Opposition. In a written decision dated October 12, 2023, this Court found that the People met their burden to prevent removal of the action to Family Court. [*2]Extraordinary circumstances existed, and the matter remained in Youth Part.
On December 21, 2023, Defendant waived his right to indictment and plead guilty to one count of Criminal Possession of Stolen Property in the Third Degree (PL Section 165.50). This Court committed to adjudicating Defendant a Youthful Offender, with a cap of an indeterminate sentence of imprisonment having a minimum term of not less than 1 year and a maximum term of not more than 3 years.
On April 12, 2024, this Court granted Defendant Youthful Offender status and sentenced Defendant to a split sentence of a six (6) month term of incarceration, followed by five (5) years of Probation.
Defendant subsequently retained a new attorney and filed an Order to Show Cause upon the Appellate Division, Fourth Department asking to stay the sentence. On May 1, 2024, the Appellate Division granted an Order staying the execution of the judgment of this Court rendered on April 12, 2024. The Order granted by the Appellate Division stayed the judgment pending the determination of Defendant's application pursuant to CPL 460.50 and stayed the portion of the sentence directing appellant to youth detention pending the hearing and determination of the appeal. Defendant was subsequently released to the custody of his mother. The Order kept all other terms and conditions of the judgment in force, including but not limited to those parts of the sentence placing Defendant on Probation, ordering Defendant to report to a probation officer, and mandating that Defendant follow all the terms and conditions of probation imposed by the Youth Part, Erie County Court.
On August 30, 2024, the Appellate Division issued an Order extending their May 1, 2024 Order, pending the hearing and determination of the motion to extend the stay.
Having examined the affidavit of Defendant in support of his motion, the People's opposing affidavit, and Defendant's reply affidavit, this Court finds and concludes that the motion is without merit and accordingly is denied without a hearing.
In the instant motion, counsel for Defendant argues that the conviction should be vacated or Defendant should be resentenced, alleging the following: (1) the accusatory was insufficient, (2) the judgment was obtained in violation of Defendant's right to effective assistance of counsel, (3) an interpreter should have been present for Defendant's family, and (4) the Court should have removed the original case against Defendant to Family Court.
SUFFICIENCY OF THE ACCUSATORY INSTRUMENT
Defendant argues that the judgment of conviction should be vacated because the accusatory instrument filed against him was insufficient. Defendant contends that all charges against him should have been dismissed at the outset of the case, claiming that there were insufficient factual allegations to support each element of the charges in the complaints. Regarding Defendant's guilty plea to Criminal Possession of Stolen Property in the Third Degree, he opines that only the driver of the stolen vehicle who exercises "dominion and control" over a vehicle can be in possession of said vehicle; that a passenger cannot have dominion and control over a vehicle and therefore cannot be held responsible for Criminal Possession of Stolen Property. Defendant asserts that the accusatory instrument only states that he was a passenger in the vehicle, and therefore, could have only been lawfully convicted of the lesser offense of Unauthorized Use of a Motor Vehicle.
This Court acknowledges that a guilty plea "does not forfeit the right to raise a jurisdictional defect, such as an insufficient accusatory instrument"; People v. Taylor, 65 NY2d [*3]1, 5 (1985). Defendant is correct in that, "It is well established that mere presence as a passenger in a stolen vehicle, without more, is insufficient to establish possession (see, Penal Law § 10.00[8]; see also, People v. Katende, 198 AD2d 522, 523; Matter of Garfield H., 185 AD2d 846), even where the passenger knows that the vehicle in which he is riding is stolen." People v. Mitchell, 223 AD2d 655, 655-56 (2d Dept., 1996). However, possession can be found to be joint where it is shown that the passenger and driver acted together in their possession of the vehicle. People v. Mitchell, supra.
In the instant matter, the accusatory charges Defendant under accessorial liability, alleging that Defendant served as a lookout. Acting as a lookout renders Defendant a joint possessor of the fruits and instrumentalities of the scheme, even where he is not the driver. See, People v. Lawson-Varsier, 138 AD3d 486, 486—87 (1st. Dept., 2016).
With respect to the charges that were dismissed at the time of the plea, Defendant waived his right to challenge the sufficiency of the evidence as to those charges. "A defendant who accepts a plea bargain forfeits the right to challenge the factual basis for the plea and is, accordingly, precluded from subsequently challenging the merits of charges which were dismissed in the course of plea-bargaining negotiations"; People v. Morelli, 228 AD2d 818, 818—19 (3d Dept., 1996), lv denied 88 NY2d 990 (1996) (Defendant who accepted a plea bargain to drop one of two counts of assault in the first degree and one count of arson in the third degree forfeited the right to challenge the factual basis for the plea, and was precluded from subsequently challenging the merits of the arson charge). By pleading guilty, the instant Defendant waived his right to challenge the sufficiency of the evidence for any of the charges against him. See, People v. Nesbett, 255 AD2d 950 [4th Dept. 1998]; People v. Beaton, 303 AD2d 593[2nd Dept. 2003]; People v. Harris, 15 AD3d 882 [4th Dept. 2005]; People v. Parilla, 8 NY3d 654.

DEFENSE COUNSEL WAS NOT INEFFECTIVE
This Court finds that Defendant received meaningful representation while he pleaded guilty, and at the time of sentencing.
Defendant calls into question the validity of his guilty plea, arguing that his attorney told him he would be granted a term of probation if he pled guilty. It is now incumbent upon the Court to determine whether Defendant made a knowing, intelligent and voluntary plea of guilty.
Within the context of a guilty plea, a defendant has been afforded meaningful representation when he receives an advantageous plea, and nothing in the record casts doubt on the apparent effectiveness of counsel. See, People v. Ford, 86 NY2d 397 [1995]; People v. Fenty, 96 AD3d 1075, 946 N.Y.S.2d 884 [2nd Dept. 2012]; People v. Brown, 305 AD2d 1068, 759 N.Y.S.2d 830 [4th Dept. 2003]; People v. Davis, 302 AD2d 973, 753 N.Y.S.2d 801 [4th Dept. 2003]. Here, Defense Counsel was successful in obtaining a beneficial plea arrangement that reduced Defendant's sentencing exposure by approximately 20 years, a sentence commitment significantly less than the maximum permitted by law had Defendant gone to trial and lost. Furthermore, the plea agreement allowed for Defendant to receive Youthful Offender status which eliminated a criminal conviction from Defendant's record, limited the sentencing options available to the Court and shielded Defendant from immigration consequences, a factor relevant to this particular Defendant. There was no guarantee that Youthful Offender status would have been granted had Defendant gone to trial and been convicted. During the plea colloquy, Defense Counsel stated that Defendant was willing to plead to Criminal Possession of Stolen Property in [*4]the Third Degree, and he confirmed the Court's inclination to grant Defendant Youthful Offender status, cap the sentence at one (1) to three (3) years of incarceration, but also consider a split sentence of six (6) months of incarceration followed by five (5) years of probation. (Plea Transcript, page 4). These statements were made in the presence of Defendant and on the record. This Court then carefully reviewed the sentencing possibilities with Defendant, and he attested that he understood. This Court ascertained that Defendant fully understood the rights he was waiving, that he had enough time to speak with his attorney, and that he was satisfied with the representation he had received. See, People v. Griffin, 89 AD3d 1235, 1236 (3d Dept., 2011). With respect to the voluntariness of the plea, this Court asked Defendant, "Have any promises have been made to you?" Defendant responded, "No, your Honor." (Plea Transcript, p. 15). This Court further inquired about the voluntariness of Defendant's taking the plea and Defendant indicated he was under no pressure and was entering the plea voluntarily. There is no showing here that the plea-bargaining process was infected by any ineffective assistance or that the Defendant entered the plea because of his attorney's poor performance. See, People v. Petgen, 55 NY2d 529 (1982); People v. Wood, 207 AD2d 1001 (4th Dept. 1994). Moreover, a guilty plea and the resulting conviction are presumptively voluntary, valid, and not otherwise subject to collateral attack. See, People v. Latham, 90 NY2d 795; United States v. Broce, 488 US 563; People v. Taylor, 65 NY2d 1.
Defendant also argues that his attorney failed to correct the Pre-Sentencing Investigation as it relates to Defendant's school absences, medical history, feelings of remorse and anti-social reasoning, as well as the facts of the case. However, the transcript of the Sentencing shows that Defense Counsel attempted to explain these issues. Regarding school absences and medical issues, defense counsel explains, "My client's dad is disabled. And part of the school absences that I can get into a little later on have to do with the fact that my client's dad is disabled and that my client serves as translator and a support mechanism for his dad's medical visits. So when we get into the school discussion, I think we are going to be talking about some illnesses that he's experienced recently as well as trouble at home involving his dad. He had also expressed to me difficulty with transportation with school." (Sentencing Transcript, p. 6). He addressed Defendant's remorsefulness (Sentencing Transcript, p. 7-8), antisocial reasoning (Sentencing Transcript, p. 8), and facts of the case (Sentencing Transcript, p. 10).
Under the New York standard, defense counsel is deemed effective so long as the evidence, law, and circumstances of a particular case viewed in totality and as of the time of the representation reveal that the attorney provided meaningful representation (see People v. Baldi, 54 NY2d 137). The meaningful representation standard requires reasonable competence, not perfect representation, and focuses on the fairness of the process as a whole rather than any particular impact on the outcome of the case (see People v. Modica, 64 NY2d 828; People v. Benevento, 91 NY2d 708). The Federal standard applies a two-prong approach, which requires a showing both that counsel's performance was deficient, and that the deficient advice actually had an adverse effect on the defense (see Strickland v. Washington, 466 US 668; People v. McDonald, 1 NY3d 109). The instant Defendant has failed to meet his burden of showing ineffective assistance of counsel under either standard. Under the totality of the circumstances in this case, Defense Counsel exercised the skill and diligence that one could expect from an experienced trial attorney. Defendant failed to show that there was an ineffectiveness of counsel or that any alleged ineffective assistance affected the voluntariness of his guilty plea.

DEFENDANT'S SENTENCE WAS NOT ILLEGAL OR EXCESSIVE, AND DOES NOT
  SUPPORT A FINDING OF INEFFECTIVE ASSISTANCE OF COUNSEL
Defendant argues that it was unfair that he was given a split sentence when his two codefendants were sentenced to probation and that his attorney was ineffective because he failed to secure the same result for him. However, Defendant and his codefendants were differently situated. Defendant is an Adolescent Offender and his matter was heard in the Youth Part of Erie County Court, an adult criminal court designated for youth of certain ages and charged with certain crimes. The co-defendants were charged not as Adolescent Offenders, but as Juvenile Delinquents and their matters were heard in Erie County Family Court from the inception of their cases. Different laws apply in the two courts, including for sentencing/disposition. This Court rejects the contention that Defendant's sentence is unduly harsh or severe just because he did not receive the same sentence as his codefendants or that his attorney was ineffective because he was not given a straight probation sentence.

DEFENDANT'S FAMILY MEMBERS WERE NOT ENTITLED TO AN INTERPRETER
Defendant argues that his judgment of conviction should be vacated because the Court did not secure an interpreter for Defendant's family and Defense Counsel did not use an interpreter to speak with Defendant's family. "In all civic and criminal cases, when a court determines that a party or witness, or an interested parent or guardian of a minor party in a Family Court proceeding, is unable to understand and communicate in English to the extent that he or she cannot meaningfully participate in the court proceedings, the clerk of the court or another designated administrative officer shall schedule an interpreter at no expense from an approved list maintained by the Office of Court Administration." 22 NYCRR Section 217.1; see also People v. Lee, 21 NY3d 176, 179 (2013). The Family Court Act did not apply to this case, as this case was heard in the Youth Part. The Defendant's family was not entitled to an interpreter; only the Defendant would have been provided an interpreter if necessary. There was no suggestion or request during the proceedings that Defendant needed an interpreter, nor is that alleged in this motion.
Defendant argues that he waived his right to appeal, but that his waiver was invalid because his mother did not understand this waiver without an interpreter in the Courtroom. However, the Criminal Procedure Law, which is applicable in Youth Part, does not require a parent to approve a waiver of appeal or even to be present for Court proceedings. Moreover, Defense Counsel stated that in addition to speaking with his client, he also spoke with Defendant's family about the plea and the Court's sentencing inclination before Defendant took the plea. (Plea Transcript, p. 4).

ILLNESS IN FACILITY
In his request for resentencing, Defendant argues that he was very frail in the juvenile detention facility, that he gets sick easily and does not handle illness very well, had rashes on his arms and legs and was not tolerating the food at the facility. This Court declines to find that Defendant's sentence constitutes a cruel and unusual punishment or rises to any level that would require the Court to re-sentence Defendant.

THIS CASE WAS PROPERLY HEARD IN YOUTH PART, NOT FAMILY COURT
Defendant argues that this case should have been removed to Family Court. He writes, "Pursuant to CPL 722.21 the court should have removed the case against A.R. to Family Court automatically within 30 days after his arraignment there was no basis to keep it in the Youth Part and the People never moved to keep the case in the Youth Part " Defendant is simply incorrect. This Court followed the requirements of Criminal Procedure Law Sections 722.21 and 722.23 to determine whether this matter should be removed to Family Court. Within six calendar days of arraignment, this Court conducted a review of the accusatory instrument to determine whether the District Attorney proved that (i) the Defendant caused significant physical injury to a person other than a participant in the offense, (ii) the Defendant displayed certain deadly weapons, or (iii) the Defendant engaged in certain sex crimes. The Court found that the District Attorney did not meet this burden. The District Attorney then requested and made a motion to prevent removal of the action, Defense counsel replied and this Court granted the motion in a written decision, ordering the matter to proceed in Youth Part.
NOW, THEREFORE, upon reading and filing the sworn affidavit of the Defendant, dated April 23, 2024, the opposing affidavit of the People, sworn to on July 3, 2024, and Defendant's reply affidavit, dated August 8, 2024, and due deliberation having been had thereon, it is:
ORDERED, ADJUDGED AND DECREED that said motion be and is hereby denied in all respects without a hearing.
This decision shall constitute the Order in this matter for appeal purposes and no other or further Order shall be required. Pursuant to CPL §§ 450.15 and 460.15, the Defendant may appeal from this Order denying his post-conviction motion to vacate his judgment of conviction only if a certificate is obtained granting him leave to appeal (See, People v. Serio, 87 AD2d 978 [4th Dept.]). If he wishes to appeal, the Defendant must make an application to the Appellate Division of Supreme Court, Fourth Department, for such a certificate within thirty (30) days of service upon him of this Memorandum and Order (CPL §460.10[4][a]). If he is unable to pay the cost of such an appeal, the Defendant may apply to the Appellate Division for leave to appeal as a poor person.
DATED: October 28, 2024
Buffalo, New York
HON. BRENDA M. FREEDMAN, J.F.C.